JAMES E. MURPHEY v. MARIA VIRGIN.

FILED MARCH 18, 1896.  No. 6211.

1. **Action to Recover Money Forcibly Taken from Debtor:** VERDICT FOR PLAINTIFF. Evidence examined, and *held* to sustain the verdict.

2. **Pleading:** INSTRUCTIONS: STATEMENT OF ISSUES. Where

pleadings contain matters of evidence rather than ulti-
mate facts, the court sufficiently states the issues by
stating tersely the ultimate facts pleaded, and disregard-
ing such evidentiary facts.

**3. Witnesses:** EVIDENCE: JURY. A jury is not bound to
blindly accept as true all testimony which is not directly
contradicted or impeached. The testimony of a witness
should be weighed in connection with all the facts in the
case. Instructions substantially to that effect are not
erroneous.

**4. Trover and Conversion:** RECOVERY OF MONEY FORCIBLY
TAKEN FROM DEBTOR. Money taken forcibly and with-
out the consent of the owner may be recovered back;
and the fact that the owner was indebted to the wrong-
doer in an amount as great as the sum taken is no
defense.

**5. Instructions:** EVIDENCE. It is not error to refuse to give
instructions directing the jury what degree of importance
should be attached to particular evidence.

ERROR from the district court of Seward
county. Tried below before WHEELER, J.

*George B. France,* for plaintiff in error.

References: *Mathewson v. Burr,* 6 Neb., 312;
*Commings v. Winters,* 19 Neb., 720; *Holland v. Grif-
fith,* 13 Neb., 472; *Sandwich Mfg. Co. v. Feary,* 22
Neb., 53; *Hiatt v. Kinkaid,* 28 Neb., 721; *Galloway
v. Hicks,* 26 Neb., 532; *City Bank of Macon v. Kent,*
57 Ga., 283; *Smith v. Grimes,* 43 Ia., 356; *Rockford
R. Co. v. Coultars,* 67 Ill., 398; *Lincoln v. Holms,* 20
Neb., 39; *Campbell v. Holland,* 22 Neb., 587; *Par-
sons v. Hughes,* 9 Paige [N. Y.], 591; *Adams v. Sage,*
28 N. Y., 103; *Baker v. Spencer,* 47 N. Y., 562; *Pear-
soll v. Chapin,* 44 Pa. St., 9; *Firemans Ins. Co. v.
Cochran,* 27 Ala., 228.

*D. C. McKillip, contra.*

References: *Norwegian Plow Co. v. Haines,* 21
Neb., 691; *Atchison & N. R. Co. v. Washburn,* 5 Neb.,

124; *McKyring v. Bull*, 16 N. Y., 302; Cooley,
Torts, 505; *Bradley v. Chase*, 22 Me., 511; *Negley v.
Lindsay*, 67 Pa. St., 217; *Obernalte v. Edgar*, 28
Neb., 70; *Schribar v. Platt*, 19 Neb., 628.

IRVINE, C.

The defendant in error was the plaintiff in the
district court, and in her petition charged that
Murphey, on or about August 3, 1889, assaulted
her and took from her possession gold and silver
coin of the amount and value of $463,—her
money,—and converted the same to his own use.
The defense set up was that Murphey had been a
surety on the official bond of Alexander Virgin,
plaintiff's husband, as treasurer of a school dis-
trict; that judgment was recovered on the bond
for $1,292, and that Murphey, by virtue of said
judgment and at the request of Mrs. Virgin, paid
upon said judgment, and for other expenses in
connection with Mr. Virgin's default, $466.08;
that Virgin had been the owner of certain land,
which, without consideration, he conveyed to Mrs.
Virgin, who held the title in trust for him; that
Mr. and Mrs. Virgin agreed, in consideration of
Murphey's paying the money referred to, upon the
sale of said land to apply its proceeds to the re-
payment of Murphey; that on August 3, 1889, Mr.
and Mrs. Virgin sold said land and out of the
money received paid to Murphey said sum of
$466.08, being the money here sued for, and took
and received from Murphey a receipt acknowledg-
ing the payment of the same in full satisfaction of
Murphey's claims aforesaid. The plaintiff recov-
ered judgment.

The first assignment of error argued is that the
verdict is not sustained by the evidence. Accord-

ing to Mrs. Virgin's testimony, when the sale of
the land was consummated she met the purchaser
in the office of a third person, and he paid to her
the money in coin.    Murphey was present and
Mrs. Virgin offered to pay him $25, which she said
she owed him.    She had placed the rest of the
money in a reticule.    Murphey declared he would
have the whole of it, and forcibly took it from the
reticule, at the same time threatening Mrs. Virgin
with a revolver.    It may be here remarked that
there is no evidence in the record in support of
the averment that the land belonged to Mr. Vir-
gin, although it clearly appears that there was an
indebtedness to the amount claimed from Mr.
Virgin to Murphey on account of the judgment
upon the bond and expenses of litigation.    This
would seem to quite thoroughly establish the
plaintiff's *prima facie* case.    Most of Mrs. Virgin's
testimony was contradicted by other witnesses,
but it was for the jury and not for this court
to determine who was most worthy of belief.
Murphey does not directly deny that the money
was taken against Mrs. Virgin's consent, although
he denies he used force.    His defense is based
chiefly on testimony from several witnesses, to the
effect that after the transaction in the office Mrs.
Virgin went voluntarily to Murphey's house and
paid to him $6.07, being the difference between the
money which he obtained in the office and the
amount due him from Virgin, and insisted upon
taking a receipt from him acknowledging satisfac-
tion of the whole claim.    This receipt was not pro-
duced, Mrs. Virgin emphatically denying that she
had ever obtained it, but was proved by a letter-
press copy bearing no signature.    There is also tes-
timony to the effect that Mrs. Virgin had said to

third persons that she had so paid Murphey's claim. Most of this testimony is denied by Mrs. Virgin, although she admits going from the office to Murphey's house for the purpose of giving Mrs. Murphey "a piece of her mind," and that she there gave Murphey a dollar. She says she was much excited, and did this, saying that as he had taken the remainder he might as well have the whole of it. We think there was enough to sustain the verdict. There was certainly sufficient to establish a *prima facie* case, and the burden of proving what counsel term "a ratification" was upon Murphey. While his evidence in that behalf was not met by the clearest and most satisfactory proof to the contrary, we think it was fairly within the province of the jury to say whether his defense had been established.

Certain rulings on the evidence cannot be considered, for the reason that in the petition in error there are no assignments specifying such rulings.

The remaining assignments relate to the instructions. It is claimed that the second instruction, which stated the defense, was erroneous because not complete. The instruction was as follows: "For answer the defendant alleges that on and prior to the 3d day of August, 1889, the plaintiff and her husband, Alexander C. Virgin, were indebted to him in the sum of $466.08, and that on the said 3d day of August, 1889, the plaintiff and said Alexander paid and delivered to the defendant the sum of $466.08, being the sum of money due the defendant from the plaintiff; and for further answer the defendant denies each and every other allegation contained in plaintiff's petition." It is argued that the court should have instructed the jury specifically, as

alleged in the answer, that defendant claimed the money because it had been derived from land sold which the plaintiff and her husband agreed should be applied upon the debt. We think this was unnecessary. The instruction given states in concise language the legal effect of the answer. The manner in which the money was obtained, the manner in which the alleged indebtedness arose, and the manner of payment were matters of evidence rather than of pleading.

The fourth instruction was as follows: "You are the judges of the credibility of the witnesses and of the weight to be attached to each and all of them, and you are not bound to take the testimony of any witness as absolutely true, and you should not do so if you are satisfied from all the facts and circumstances proved on the trial that such witness is mistaken in the matter testified to by him, or that for any other reason his testimony is untrue or unreliable." This instruction is complained of because of the statement that the jury was not bound to take the testimony of any witness as absolutely true, it being argued that the jury is compelled to believe a witness where not contradicted or impeached. We think the whole instruction, in connection with the fifth, which is the usual instruction in regard to considering the interest, bias, demeanor, and intelligence of witnesses, states the law correctly. A fair construction of the court's language would not authorize the jury to arbitrarily and unreasonably disregard uncontradicted testimony from an honest, unbiased, intelligent, and apparently truthful witness. The instruction does, however, tell the jury that they need not blindly accept testimony, but should weigh it in connection with all the facts

and circumstances in evidence, and give it such credence as under all the proof is warranted. This is correct. Other instructions are complained of as unfairly repeating the theory of the plaintiff. Without quoting them, we will merely say that we do not think they are in any degree open to that criticism.

The first instruction requested by the defendant was to the effect that even if Murphey's act in getting the money was wrongful, still, if afterwards the plaintiff paid the balance due him and demanded and obtained a receipt therefor, such acts would be a ratification. We think the principle of this instruction was covered by the court's sixth, which was that if the defendant forcibly and without the consent of plaintiff took the money, and the plaintiff afterwards, with full knowledge of the material facts, voluntarily consented to defendant's retaining such money as a settlement of an existing debt against her and her husband, then there would be a ratification. The court's instruction was in this respect fully as advantageous to the plaintiff as the one requested, and was a more accurate statement of the law. The ratification would arise, as stated by the court, from plaintiff's consenting that the money taken should be so retained. The payment of the balance and taking a receipt, elements embodied in the instruction requested, would merely be evidence of such consent.

The second instruction requested, while somewhat involved in its language, was in effect that if the money was due Murphey, plaintiff could not recover, although it was taken against her consent. This doctrine could not for a minute be tolerated. A man has no right to resort to robbery to collect his claims.

The third instruction requested was correctly refused, because it told the jury that the failure of the plaintiff to make a demand for the money was a "strong circumstance that she considered the receipt of the sum by the defendant as a payment." It was not error to refuse to instruct the jury as to the weight to be given different portions of the evidence. It was for the jury to determine how strong the circumstance was.

The remaining instructions requested were on the subject of ratification and were covered by the court's sixth.

JUDGMENT AFFIRMED.