GEORGE E. COON ET AL. V. HUGH M. McCLURE.

FILED FEBRUARY 2, 1898. No. 7761.

1. **Witnesses: INSTRUCTIONS.** An erroneous instruction that where a party litigant offers in evidence the testimony of a witness he is bound by such testimony, *held* not justified by the alleged fact that there was no testimony on the trial differing from that of said witness.

2. **Attachment: GROUNDS: INSTRUCTIONS.** An instruction which required the concurrence of an intent to hinder, delay, and defraud creditors, to render void transfers of a certain class, *held* erroneous where the provision of the statute is that the intent may be either to hinder, delay, or defraud.

3. ————: ————. The mere fact that in justifying the levy of an attachment in a replevin action the defendants in their answer alleged that the transfer, under which the plaintiff claimed title, was made with intent to hinder, delay, and defraud creditors did not vary the provisions of the statute.

ERROR from the district court of Webster county. Tried below before BEALL, J. *Reversed.*

*Warren Switzler,* for plaintiff in error.

*M. A. Hartigan, contra.*

RYAN, C.

This was an action of replevin for certain goods brought in the district court of Webster county, in which action there was a judgment in favor of the plaintiff. The defendants prosecute this error proceeding.

The possession of the defendants, a sheriff and his deputy, before the institution of this action was by virtue of a writ of attachment under which a levy had been made in an action wherein the Nebraska Moline Plow Company was plaintiff and O. C. Clingman & Co., a partnership firm, was defendant. The question was whether or not the transfer of the replevied property from Clingman & Co. to Hugh M. McClure was fraudulent as against the Nebraska Moline Plow Company, a creditor of O. C. Clingman & Co. The evidence relied upon to sustain

the charge that the goods had been transferred in fraud of the said rights of a creditor was largely circumstantial in its nature.    Mr. McClure was a witness in his own behalf and from him were elicited admissions tending to cast doubt upon the good faith of the transfer under and by virtue of which he claimed title.    The plaintiffs in error called as their own witness O. C. Clingman, a member of the firm of O. C. Clingman & Co., and examined him with reference to the financial condition of the firm of which he was a member when the aforesaid transfer was made, the disposition of its assets, and other circumstances tending to cast discredit upon the claim that such transfer was in good faith.    On rebuttal defendant in error examined A. D. McNeer, another member of the firm of O. C. Clingman & Co., for the purpose of explaining why he had drawn certain sums from the partnership funds, how he had replaced them, and the part he had taken with reference to the transfer to McClure.    The following instructions were given to the jury:

"8. The court instructs the jury that when a party to an action calls a witness, they indorse such witness before the court and jury as a truthful person and entitled to credit, and they are bound by the evidence of such witness."

"5. The court instructs the jury that before the defendant in this action can question the act of the plaintiff McClure in purchasing the stock of goods it must not only appear from a preponderance of the testimony that the firm of O. C. Clingman & Co. was insolvent and that it sold its stock of goods to the plaintiff McClure with the fraudulent purpose of cheating, defrauding, and delaying its creditors, and it must further appear by the preponderance of the testimony that McClure not only knew these facts and, knowing them, he deliberately and willfully entered into the contract of purchase of the stock of goods with the purpose to aid and assist the firm of O. C. Clingman & Co. to cheat and defraud and delay its creditors."

The proposition that a party by offering the testimony of a witness vouches for his credibility has been approved by this court in *Blackwell v. Wright*, 27 Neb. 269, and in *Nathan v. Sands*, 52 Neb. 660.   The proposition that such party is bound by the evidence of such witness is defended on the theory that there was no other evidence than that to the same effect as was the testimony of Clingman.   We have carefully considered the bill of exceptions and find that there were circumstances shown by the testimony of witnesses called by the defendant in error from which the jury properly might have drawn inferences unfavorable to the good faith of the transfer by virtue of which McClure claimed title.   That part of the instruction which assumed to tell the jury what effect must be given the evidence of Clingman was erroneous. (*Murphey v. Virgin*, 47 Neb. 692.)

Section 17, chapter 32, Compiled Statutes, is in this language: "Every conveyance or assignment, in writing or otherwise, of any estate or interest in lands, or in goods, or things in action, or of any rents or profits issuing therefrom, and every charge upon lands, goods, or things in action, or upon the rents and profits thereof, made with the intent to hinder, delay, or defraud creditors or persons of their lawful rights, damages, forfeitures, debts, or demands, and every bond or other evidence of debt given, suit commenced, or decree or judgment suffered, with the like intent as against the person so hindered, delayed, or defrauded, shall be void." The fifth instruction required that the jury must find the intent to hinder, delay, and defraud creditors was entertained by Clingman & Co. to render the transfer void. This was more than the statute required, for, under its provisions above quoted, it was sufficient if there existed an intent to hinder, delay, or defraud.   Defendant in error seeks to justify this departure from statutory requirements by the fact that in the answer filed by plaintiff in error the justification of the attachment was that there had been a transfer with intent to hinder, delay,

and defraud, and hence, it is argued, it was not erroneous in the instruction to adopt the same phraseology. If the averments of the answer had been of an intent to hinder, delay, or defraud, that pleading would have been faulty. The proper language is given by the statute and it should have been followed by the court in its instruction. For the errors indicated the judgment of the district court is reversed.

REVERSED AND REMANDED.