[Civ. No. 3464.  First Appellate District, Division Two.—November 24, 1920.]

## MUṢTAPHA ABDULLAH, etc., Respondent, v. A. ABDULLAH, Appellant.

[1] MINORS—ACTION FOR SERVICES—STATUS OF PARTIES—CONFLICT OF EVIDENCE—FINDINGS—APPEAL.—Where in an action brought on behalf of a minor to recover the reasonable value of services rendered the testimony was susceptible of conflicting inferences as to whether the defendant was, as contended, *in loco parentis* and therefore entitled to the services without compensation, the findings of the trial court are conclusive.

[2] ID.—EXPRESS CONTRACT — REPUDIATION — ACTION FOR REASONABLE VALUE.—A minor may recover on a *quantum meruit* for the reasonable value of services rendered, notwithstanding the existence of an express contract at the inception of the business relations of the parties.

[3] ID.—DISAFFIRMANCE OF EXPRESS CONTRACT—NOTICE—FILING OF ACTION ON QUANTUM MERUIT.—The filing of an action by a minor for a recovery on a *quantum meruit* basis for services rendered is a sufficient notice to the employer of a disaffirmance of an express contract for such services.

APPEAL from a judgment of the Superior Court of Los Angeles County.     L. H. Valentine, Judge.     Affirmed.

The facts are stated in the opinion of the court.

A. L. Abrahams and P. B. D'Orr for Appellant.

Fred J. Spring and A. J. Getz for Respondent.

NOURSE, J.—This is an appeal by the defendant from a judgment against him in favor of plaintiff, who is a minor and sues by his guardian *ad litem.* The plaintiff is the nephew of the defendant and this action was brought to recover $572, money had and received by the defendant, together with $4,250, the alleged reasonable value of services as a masseur, rendered by the plaintiff over a period of three and a half years at a turkish bath establishment conducted by defendant, which services were rendered at the special instance and request of the defendant.

Defendant answered, denying the indebtedness for money had and received, and denying that the reasonable value of the services rendered was the sum alleged by plaintiff, and alleging that plaintiff had been fully paid for all services rendered for defendant. The answer was later amended so as to include an allegation that at all the times mentioned in the complaint the plaintiff was a member of the defendant's family, and the defendant bore to him the relation of a parent.

The trial court found "that it is not true that at all times mentioned in plaintiff's complaint, or at any time at all, plaintiff was a member of defendant's family, and it is not true that defendant maintained plaintiff at all or any times according to his circumstances or in any other manner, and that it is not true that defendant was in the place of a parent toward plaintiff, but the court finds that the defendant never at any time exercised any control whatsoever over the plaintiff or stood in any relation whatsoever to this plaintiff except as master and servant, and that it is not true that defendant did not make an agreement to pay plaintiff for his services, but the court finds it to be true that defendant did agree to pay plaintiff for his services."

Appellant contends that, under the evidence, the court should have found that the defendant was *in loco parentis* to the plaintiff, and under such a state of facts was entitled to receive without compensation the services of plaintiff and also the money earned by plaintiff by his services to others. [1] The testimony upon this question is susceptible of conflicting inferences; and under such circumstances, the findings of the trial court are conclusive upon us. The record contains testimony from which the findings just quoted may reasonably be made, for it appears that the plaintiff was living in Asia Minor with his parents when the defendant sent him money to come to California. When plaintiff reached Los Angeles defendant paid for his room and board for about a week until he went to work at the Lankershim Hotel. After that, plaintiff was given his meals at the hotel, and also received a salary of forty dollars a month. The check for his salary he regularly gave to the defendant, who told him he would save his money for him as he could not keep money himself, being a minor. Defendant also told plaintiff that he would secure a bank-book for him, and later showed him a bank-book, which plaintiff did not examine. During the eight months that plaintiff worked at the hotel he gave all his salary checks to the defendant and the defendant paid plaintiff's room rent, which was six dollars a month. Defendant also brought plaintiff one fifteen dollar suit of clothes and one four dollar pair of shoes. He gave plaintiff no money during this time, and after eight months he told him to come and work for him at his turkish bath establishment at the Athletic Club, in Los Angeles. Plaintiff testified that the defendant said to him in connection with this employment: "I have four or five others working for me. I will make a lot of money and you will make the same thing as the others are making. Any-thing the others make they get fifty per cent of. They are making twenty-five dollars or thirty dollars a week, or more. I mean fifty per cent of the money they take in. If they take in ten dollars they get five dollars of it." Plaintiff testified that he went to work for the defendant on that understanding.

It was customary at the baths for the employees to sign their own names to the checks of the customers they serve as a basis for computation of the amounts due them, upon

the fifty per cent basis, at the end of each week. Defendant instructed plaintiff to sign the defendant's name to plaintiff's checks, which he did, and in this way no accurate record was kept of the plaintiff's individual work, and defendant was given the money earned by them both. Plaintiff testified that, during the three and a half years that he worked for the defendant at the baths, defendant gave him in all eighty dollars, seventy-five dollars at one time and five dollars at another; that during this time plaintiff slept at the baths and bought his meals with the "tips" which he received from his customers, which amounted to something over fifteen dollars each week.

It was stipulated, among other things, that during plaintiff's employment at the baths he delivered to defendant two checks given by the Athletic Club to plaintiff as Christmas presents, which amounted to approximately $200. It was also stipulated that the average earnings, exclusive of tips, of the men employed by the defendant on a fifty per cent basis during the period of plaintiff's employment was about ninety dollars a month. There was introduced by the plaintiff the testimony of several employees of the establishment to the effect that the plaintiff did as much work as the other employees of the baths; that he was skillful and successful with his work and worked long hours; that many of the customers called for him personally. It also appears in the record that while the defendant was in Washington for a period of about eight or nine months, plaintiff managed his business for him. Under these facts the court found that the reasonable value of plaintiff's services during the period from January 1, 1915, to July 17, 1918, was $3,870. Obviously this computation was made in accordance with the stipulation regarding the average earnings of other employees at the establishment.

The court also found that there was due the plaintiff $520, the amount of the salary checks and Christmas checks belonging to plaintiff which he had turned over to the defendant. The court then deducted the sum of $1,142 as money paid on account, which included all sums spent by defendant for the plaintiff of which there is any evidence at all, including traveling expenses from Asia Minor to Los Angeles, spending money advanced to him, room rent paid, etc., leaving a balance of $3,248, for which judgment was given.

Apart from the contention regarding the domestic status of the parties, appellant objects to the method of proof of the amount found due to the plaintiff. He contends that, as plaintiff testified to an express contract to pay him fifty per cent of his earnings, it is incumbent upon the plaintiff to prove definitely the amount of the checks signed by him representing his work; and that the reasonable value of his services cannot be based upon the agreed average earning capacity of the other employees of the establishment doing similar work. If there was any error made by the court in basing the estimate of reasonable value upon the agreed average earnings of other employees, it was one favorable to the appellant under the facts in evidence here. Because, if this basis were not adopted, then the record upon this subject contains only the testimony of the witnesses who testified that the reasonable value of plaintiff's services was from $110 to $125 a month.

[2] There remains, then, only the question whether, under the proof, which appellant contends shows an express contract, recovery can be had for the reasonable value of the services, which is the theory of the complaint. Conceding that the proof showed that the inception of the business relations of the parties was in an express contract, this would not defeat a recovery by the plaintiff upon a *quantum meruit* basis. It is the privilege of an infant to repudiate an express contract for his services and recover for the same upon *quantum meruit*. (See note to *Tennessee Mfg. Co.* v. *James,* 15 L. R. A. 211.) [3] The filing of the action for a recovery upon *quantum meruit* would be a sufficient notice to the defendant of a disaffirmance of the contract under the holding in the case of *Spencer* v. *Collins,* 156 Cal. 298, 303, 304, [20 Ann. Cas. 49, 104 Pac. 320], where the supreme court refers to the fact that it has been held that a deed of a minor may be disaffirmed by his subsequent conveyance to a third person.

We find no errors in the record which are prejudicial to the appellant.

The judgment is affirmed.

Langdon, P. J., and Brittain, J., concurred.