[L. A. No. 6609. In Bank.—August 26, 1921.]

## TRAVIS GLASS COMPANY (a Corporation), Respondent, v. R. E. IBBETSON, Appellant.

[1] CONVERSION—CREDITOR'S SUIT—EXECUTION.—Under section 720 of the Code of Civil Procedure, which permits a judgment creditor whose judgment remains unsatisfied to maintain an action against a person alleged to have property of the judgment debtor, an action may be maintained in such capacity against one for the conversion of property belonging to the debtor, since the purpose of statutory proceedings supplementary to execution is the same as that of the original creditor's bill in equity to enable the creditor to reach property which could not otherwise be made to contribute to the payment of the judgment.

[2] ID.—MANNER OF OBTAINING POSSESSION — EVIDENCE — APPEAL. — Where, in an action by a judgment creditor for the conversion of property alleged to have belonged to the judgment debtor, the de-

fendant and a witness testified, without contradiction, that the property was delivered by the debtor to the defendant for the purpose of selling and applying the proceeds on an indebtedness of the debtor to the defendant, but the accuracy of the testimony was impaired by the testimony of the defendant in another proceeding that the property was taken by him under a chattel mortgage, the finding that the property was wrongfully sold by defendant cannot be disturbed.

[3] ID.—INDEBTEDNESS TO CONVERSIONEE—INSUFFICIENT DEFENSE.—In an action by a judgment creditor for the conversion of property alleged to have belonged to the judgment debtor, the claim of an indebtedness by the debtor to the defendant in excess of the price obtained for the property is not a valid defense, since it would have not constituted a defense to an action for conversion by the judgment debtor.

[4] ID.—FORMER ACTION—DIFFERENT CAPACITY—JUDGMENT NOT RES ADJUDICATA.—A judgment creditor is not barred from maintaining an action for the conversion of property alleged to belong to the judgment debtor, by reason of the fact that prior to the recovery of his judgment he brought an action against the same defendant for the same conversion and judgment was rendered against him, since the actions were brought in different capacities.

[5] ID.—MAINTENANCE OF ACTION—EVIDENCE.—A judgment creditor is only required to show that he obtained judgment against the debtor, that no part thereof has been paid, and that execution has been issued and returned unsatisfied, to enable him to maintain an action for the conversion of the debtor's property.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. P. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. Wiseman Macdonald for Appellant.

J. W. Falkner for Respondent.

LENNON, J.—The present creditor's suit for conversion is the outcome of a succession of events which began when the Travis Glass Company, a corporation having its principal place of business in the city of Clarksburg, West Virginia, sold a carload of milk bottles to the Eureka Dairy Company, a partnership of Los Angeles, California. Upon the arrival of the bottles in Los Angeles, in the month of April, 1918, R. E. Ibbetson, acting as agent for the Eureka Dairy Com-

pany, directed that they be delivered to the Pacific Commercial Warehouse, which direction was complied with by the railroad company. Shortly thereafter the Eureka Dairy Company discontinued business. On June 5, 1918, Ibbetson sold the bottles for five hundred dollars, plus freight amounting to $357.57, which sum he has ever since retained in his possession. The Travis Glass Company, having received nothing in payment for the bottles, commenced an action for the purchase price against the firm, Eureka Dairy Company, and the individual members thereof, and, on June 28, 1919, recovered judgment, in the superior court of Los Angeles County, in the sum of $1,108.05, with interest from December 12, 1918, at seven per cent per annum, and costs. An execution on this judgment was issued to the sheriff of Los Angeles County and a copy of the execution was delivered by the sheriff to R. E. Ibbetson as garnishee, but the execution was returned and remains wholly unsatisfied. Subsequently, in proceedings supplementary to execution under section 717 et seq. of the Code of Civil Procedure, Ibbetson was examined in court concerning any debts or property owing by him to the Eureka Dairy Company or the members of said company, and in particular concerning the sale of the milk bottles on June 5, 1918. It appearing from this examination that Ibbetson claimed an interest in the bottles and the proceeds thereof adverse to the Dairy Company, the Travis Glass Company instituted the present action against him, wherein the trial court rendered judgment in favor of plaintiff, from which defendant appeals.

[1] The action is brought pursuant to section 720 of the Code of Civil Procedure, which authorizes an action by a judgment creditor against the judgment debtor's debtor, or, more exactly, which permits a judgment creditor whose judgment remains unsatisfied to maintain an action against a person alleged to have property of the judgment debtor, or, to be indebted to him, when such person denies the debt or claims an interest in the property adverse to the judgment debtor. In the present action plaintiff seeks to reach an alleged claim of the Dairy Company for conversion by the defendant Ibbetson in selling the bottles and failing to account for the proceeds. Counsel for defendant contends that the findings of the trial court fail to support the judgment in favor of plaintiff, for the reason that they reveal that, at

the time of the claimed conversion, title to and possession of the property in question were in a person other than plaintiff, to wit, the Eureka Dairy Company. Stated otherwise, defendant's contention is to the effect that the statute providing for the recovery by a judgment creditor of property or debts due his judgment debtor does not extend to him the right to maintain a suit for conversion of property belonging to the said debtor. (*Raymond* v. *Blancgrass,* 36 Mont. 449, [15 L. R. A. (N. S.) 976, 93 Pac. 648].) Since, however, the purpose of these statutory proceedings supplementary to execution is the same as that of the original creditor's bill in equity, namely, to enable the creditor to reach property which could not otherwise be made to contribute to the payment of the judgment, the statutory proceedings should be given an operation at least as broad as that of the creditor's bill. Accordingly, inasmuch as claims arising from torts committed on the property of a judgment debtor were within the reach of the judgment creditor under the old equity proceeding, it has been held that such claims may constitute the basis of a suit by a judgment creditor under section 720 of the Code of Civil Procedure. (*Staples* v. *May,* 87 Cal. 178, 191, [25 Pac. 346]; *Cincinnati* v. *Hafer,* 49 Ohio St. 60, [30 N. E. 197].) It follows that the present suit for conversion is maintainable by plaintiff in its capacity of judgment creditor.

[2] The point is also made in defendant's behalf that two witnesses, the defendant and a stenographer in his office, testified without contradiction that the Eureka Dairy Company delivered the bottles to defendant Ibbetson, requesting him to sell the same and apply the proceeds on a debt then owing from the Dairy Company to said Ibbetson. Upon the authority of *Rauer* v. *Rynd,* 27 Cal. App. 556, [150 Pac. 780], it is asserted that the delivery of the bottles with instructions to sell and apply the proceeds in payment of an indebtedness constituted a sale to defendant Ibbetson, and that it clearly appears from the proven facts that defendant's disposal of the bottles was pursuant to authority from the owner and therefore lawful. The trial court found that no such authority existed and that the goods were wrongfully sold by defendant, evidently disbelieving the evidence relied upon by defendant. It may be stated that a trial judge or jury is not required to blindly believe a witness nor to find

in accordance with his statements merely because his testimony is uncontradicted or unimpeached by the party against whom he testifies. (*Murphey* v. *Virgin,* 47 Neb. 692, [66 N. W. 652].) "The most positive testimony of a witness may be contradicted by inherent improbabilities as to its accuracy contained in the witness' own statement of the transaction; or there may be circumstances in evidence in connection with the matter which satisfy the court of its falsity; the manner of the witness in testifying may impress the court with a doubt as to the accuracy of his statement and influence it to disregard his positive testimony as to a particular fact; and as it is within the province of the trial court to determine what credit and weight shall be given to the testimony of any witness, this court cannot control its finding or conclusion denying the testimony credence, unless it appears that there are no matters or circumstances which at all impair its accuracy." (*Davis* v. *Judson,* 159 Cal. 121, 128, [113 Pac. 147, 150]; *Blanc* v. *Connor,* 167 Cal. 719, [141 Pac. 217]; *Cox* v. *Schnerr,* 172 Cal. 371, [156 Pac. 509].) The accuracy of the testimony in question in the instant case was not entirely unimpaired for, while defendant testified in the present case that he sold the bottles upon the request of the Dairy Company, repeatedly denying that they were covered by a chattel mortgage which he held on certain personal property of the Dairy Company, it appears from evidence introduced by plaintiff's attorney that, in another proceeding concerning the said bottles, defendant emphatically asserted that he had acquired title to the same by purchase under a foreclosure of the above-mentioned mortgage. It was proper for the trial court to consider this confusion with respect to defendant's claim to the bottles in determining the credibility of the testimony concerning defendant's authority to sell.

[3] As a second and separate defense, defendant set forth that, at the time of the alleged conversion, the Eureka Dairy Company was indebted to defendant in a sum in excess of the price obtained for the bottles and that this indebtedness remains wholly unpaid. The trial court found that it was unnecessary to make specific findings as to the existence or nonexistence of this indebtedness, for the reason that it did not constitute a defense to plaintiff's action for conversion. Defendant assigns this as error, claiming that,

while the indebtedness might not be the basis of a counterclaim (Code Civ. Proc., sec. 438), it would, nevertheless, constitute a valid defense to plaintiff's suit for conversion. It is true that, in a judgment creditor's suit the defendant may plead any defense which he may have against the judgment debtor (*Nordstrom* v. *Corona City Water Co.*, 155 Cal. 206, [132 Am. St. Rep. 81, 100 Pac. 242]; *Bonte* v. *Cooper*, 90 Ill. 440), but the alleged indebtedness would constitute no defense against the judgment debtor in this case. It is essential to the orderly administration of the law that a person be prevented from obtaining payment of a claim by the unlawful seizure of the property of his debtor and, consequently, as a general rule the taking of property without authority or consent is neither warranted nor excused by the fact that the owner is indebted to the person taking the property. (*Murphey* v. *Virgin, supra.*) Since the existence of the indebtedness would have constituted no defense to an action by the owner of the property for the conversion thereof, there is no apparent reason why it should operate as a valid defense in a suit by the judgment creditor of the owner. In this respect the facts of the present case are similar to those in the case of *German Nat. Bank* v. *First Nat. Bank*, 55 Neb. 86, [75 N. W. 531], where it was held that the fact that the defendant had applied the proceeds of the converted property to a debt owed by the judgment debtor was no defense to a creditor's suit for the conversion.

[4] *Res adjudicata* is another defense advanced by defendant which cannot be sustained. On July 10, 1918, shortly after the sale of the bottles by defendant and prior to the recovery of plaintiff's judgment against the Eureka Dairy Company, plaintiff brought a suit directly against defendant Ibbetson and others for the conversion of the bottles. Judgment was rendered in favor of defendants and against plaintiff. It is claimed that the judgment in that action is a bar to the present suit. It is a familiar rule that identity of issues and of parties is indispensable to a valid plea of *res adjudicata*. In this connection, identity of parties means not only that they must be identical in person, but that the capacity in which they appear must be the same. (Code Civ. Proc., sec. 1908, subd. 2; 23 Cyc. 1237.) Consequently, although the subject matter of the suits is the same, the present suit is not barred by the former one, for

the plaintiff is suing in a different capacity in the second action. In the first action for the conversion of the bottles, plaintiff relied entirely upon its own interest therein, but it was determined that the title and possession had passed to the Dairy Company before the sale by defendant. Thereafter plaintiff recovered a judgment against the Dairy Company, and, in the present action, sues in the capacity of creditor, relying solely upon the title of the Dairy Company, its debtor, whose rights were not adjudicated in the first suit.

[5] Two specifications of insufficiency of evidence remain for consideration. It is claimed that there was no evidence in support of the finding to the effect that the Dairy Company was insolvent. However, it was stipulated that plaintiff obtained judgment against the said company in the sum of $1,108.05 and ten dollars costs, no part of which had been paid, and that execution had been issued and returned unsatisfied. Upon this particular phase of the case that is the only showing required of plaintiff to enable him to maintain the suit. (*Herrlich* v. *Kaufmann*, 99 Cal. 271, [37 Am. St. Rep. 50, 33 Pac. 857].) Defendant also attacks the valuation of the bottles in controversy. The trial court found that the value of the bottles was in reality in excess of the sum of $926.44. This finding was warranted by the evidence, for the price for which the bottles were sold by plaintiff, as well as the sum received by defendant, was evidence of value. (*Angell* v. *Hopkins*, 79 Cal. 181, [21 Pac. 729]; *Greenebaum* v. *Taylor*, 102 Cal. 624, [36 Pac. 957].) It was held, however, that the sum of $926.44 must be accepted as the value of the bottles for the purpose of this suit. This holding was made upon the theory that, although the present suit was not barred by plaintiff's former suit for conversion, nevertheless the finding of the court in the former suit as to the value of the bottles was controlling in the present case. It is unnecessary to determine whether the valuation in the former suit was binding upon the plaintiff herein, whose position is predicated upon the rights of a judgment debtor wholly unrepresented in the former suit. It is clear that, had the court not adopted this view of the case, the judgment against defendant would have been for a larger sum than it actually was. Even assuming that the court erred in adhering to the former valuation, any error that may have been committed in this respect resulted favorably

to defendant and is of no avail to him on this appeal. (*Wiley* v. *Young,* 178 Cal. 681, [174 Pac. 316]; *Abdullah* v. *Abdullah* (Cal. App.), 194 Pac. 511.)

The judgment is affirmed.

Shurtleff, J., Sloane, J., Shaw, J., Wilbur, J., and Lawlor, J., concurred.