[Civ. No. 7643. First Appellate District, Division Two.—June 26, 1931.]

F. T. BLAKE, Respondent, v. NELLIE A. BENNETT, Appellant.

Eugene D. Bennett for Appellant.

Phillip B. Beggs and Harry J. Bias for Respondent.

STURTEVANT, J.—The plaintiff sued to recover damages for injuries caused to his flock of ewes by a dog alleged to be owned by the defendant and her son. The defendants answered and a trial was had before the court sitting without a jury. The court made findings in favor of the plaintiff and against the defendant Nellie A. Bennett, but in favor of her son. From a judgment entered on the findings the defendant has appealed.

The defendant claims that the trial court erred in certain rulings made on the exclusion of certain lines of evidence. While conducting the cross-examination of the plaintiff, the attorney for the defendant asked the plaintiff how much he got for sheep which he subsequently sold. An objection was made to the question and the objection was sustained. The attorney then asked permission to propound the question as to what the plaintiff paid for all of his sheep, and continuing, the attorney asked a ruling on that question. The plaintiff, assuming the question had actually been propounded to Mr. Blake, who was the witness in the chair, interposed an objection, which was sustained.

The defendant points to these rulings, and similar rulings and claims they constituted reversible error. It will not be disputed that in some cases the purchase price and the sales price constitute some evidence of the value of a certain article (*Travis Glass Co.* v. *Ibbetson,* 186 Cal. 724, 730 [200 Pac. 595]). But that question is nowhere presented in the record before us. The plaintiff was conducting a farm on which he was raising pure-bred Shropshire sheep. He had many that were pure bred, but, as we understand the record, he had others that were not pure bred. The value of the pure-bred stock varies from $50 to $3,000 per head. Of his entire flock, the plaintiff claimed he had purchased some from Baldwin, some from Comb, and some from Meecham. The Baldwins varied in value from $20 to $100 each. Those killed were of a value of $50 to $60, and there were nine of them. The Comb ewes were of a value of $30 to $40 each. Five were killed. The Meecham ewes were of a value of from $15 to $25 and two were killed. At no time did either party attempt to identify any particular sheep and place a value on that particular animal. But the evidence introduced tended to show that, as a strain, the Combs were twice as valuable as the Meechams and the Baldwins were twice as valuable as the Combs. There was evidence that within a few weeks of the killing by the dog the plaintiff had made some purchases. There was evidence that, a short time after that date the plaintiff made some sales. But neither as to purchases nor as to sales, was there any evidence that the stock either bought or sold was of the same type as the animals which were killed. This court will take notice of the fact that since January 1, 1918, the values of livestock have been very high at times and very low at other times, and that the changes have been frequent. But in this record there is no evidence, and no offer to show, that, between the date when the purchases were made and the date when the sales were made, the market did or did not fluctuate and, if it did, whether prices rose or fell and to what extent. The plaintiff testified that his losses included $7 spent for veterinary; 9 Baldwin ewes at $75; 5 Comb ewes at $25; 2 Meecham ewes at $15; general damage to flock $400 or $500; 23 Baldwin lambs at $18; and 15 Comb lambs at $6. Besides these items, several sheep were crippled. His total claim was a grand total of $1557. The judgment was for

$437. It cannot be said that the trial court erred in its rulings for no foundation was laid for the questions. Moreover, if any error was committed it cannot be said that the defendant was prejudiced thereby.

As each wounded ewe died both the plaintiff and his flockmaster, Mr. Cornthwaite, were present. Each was a witness and gave evidence as to values. Neither was called upon to fix his attention on any particular ewe, identify her, and state her value; yet, as we have shown, the values varied greatly. As to the values of specific animals varying in type, evidence of costs and sales prices in general was wholly irrelevant.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.