[Civ. No. 20982. Second Dist., Div. Two. Oct. 21, 1955.]

REVILLE DRAKE, Appellant, v. HAROLD W. NASH
et al., Respondents.

Alvin G. Greenwald and Jack M. Sattinger for Appellant.

Roger Arnebergh, City Attorney (Los Angeles), Bourke
Jones, Assistant City Attorney, George William Adams and
Walter Carrington, Deputy City Attorneys, for Respondents.

MOORE, P. J.—Appeal from a judgment denying appellant's application for a writ of mandate to compel his reinstatement in the Department of Public Works in the city of Los Angeles.

On or about February 19, 1947, appellant was employed as a maintenance laborer in the department of public works. Seventeen months later, he was transferred to the lot cleaning division and given the title of equipment operator. About July 14, 1952, the board of public works discharged appellant by filing with the board of civil service commissioners, the following notice thereof, giving reasons for their action, to wit: "Violation of orders regarding junking, in that on June 17, 1952, he was apprehended burning insulation from copper wire during working hours and admitted he knew it was against the rules; eight other citations during a period of five years for various reasons including absence without permission, unsatisfactory performance of duties, being late without permission, being argumentative, and failure to follow orders."

Within the time prescribed by law, appellant filed with the board of civil service commissioners his application for a hearing into the cause of his discharge. On August 1, 1952, the board appointed one of its members, Ida S. Lazard, to conduct a hearing pursuant to appellant's petition. On October 30, 1952, Commissioner Lazard recommended to the board of civil service commissioners that appellant be retained in his position. Her recommendation was duly considered by the civil service board at its regular meeting of November 7, 1952, at which time the board of public works filed written exceptions to Examiner Lazard's report. On December 12, after due consideration, the board of civil service commissioners by unanimous vote discarded the findings of the examiner, found that there was sufficient evidence to support the discharge and ordered that it be sustained. The matter was then taken to the superior court by petition for writ of mandate to require respondents to restore him to his position of equipment operator. This appeal is taken from the judgment denying the writ.

Appellant contends that the board of civil service commissioners acted arbitrarily and capriciously in sustaining his discharge when the charge of "junking" was neither proved nor disproved; that the evidence having been insufficient to sustain that specific charge, there was no ground established for terminating appellant's employment.

■ It was not necessary for the board of civil service commissioners to make separate findings on each charge laid against appellant; it was required only that appellant receive his day in court and be accorded a complete hearing and the full and fair treatment due him under the law. The record is replete with the assertions of all the commissioners that they had read everything thoroughly, several times over and with complete, honest and vigorous attention. Finding VI of the trial court states: ''Said findings and decision of respondent Board were made after careful consideration, attention and study of the summary of the evidence and of the entire record of the proceedings as set forth in the hearing examiner's report, together with the exhibits introduced and the written exceptions and argument of both parties. The said findings and decision were supported by substantial evidence and the hearings and each of them were in every respect full, fair, and impartial.'' There is more than sufficient evidence to support the findings of the trial court, and the appellate court must resolve all doubts in favor of respondent. (*Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689].)

Appellant's erroneous conclusion that ''but for the junking charge, Mr. Drake would not have been discharged'' is unsupported by the record. The ''discharging agency'' as referred to by appellant was not the foreman whose testimony was favorable to appellant, but the board itself by formal action. The foreman's testimony for appellant was considered along with the unfavorable testimony of the lot superintendent. Again, *all* testimony was thoroughly considered by the board of civil service commissioners and by the trial court. Even though other inferences could reasonably be drawn from the facts, this court is without power to substitute its conclusion for those of the trial court. (*Fischer* v. *Keen*, 43 Cal. App.2d 244, 250 [110 P.2d 693].) Furthermore, although a trial judge is not required to believe a witness merely because there is no positive contradiction of his testimony, yet in the case at bar there was positive contradiction of appellant. (*Travis Glass Co.* v. *Ibbetson*, 186 Cal. 724, 727 [200 P. 595].)

■ Appellant contends that because only seven of the eight citations against him were introduced into evidence, the board of commissioners acted arbitrarily and capriciously when they did not consider *all* the stated grounds for discharge. It is argued that the notice of discharge was defective, that the required proof under the notice was insufficient,

and that "the citations and references and causes are unproperly set forth." Despite his contention that the notice of discharge was defective, appellant advances no proof or authority for this bald statement. In truth, the testimony tends to prove that the board of public works was extremely solicitous of appellant's welfare. It is not the duty of this court to attempt to substantiate appellant's claims, especially in the light of the findings which are all against him. Moreover, if only one of the eight "citations" had been presented to the civil service commissioners, and appellant's conduct therein alleged had been found on substantial evidence to be true as therein recited, the board of civil service commissioners would have been justified in sustaining the discharge, and no court would have the power to annul the order so made. (*Meyer* v. *Board of Public Works,* 51 Cal.App.2d 456, 465 [125 P.2d 50].)

 Appellant contends that the board considered only the charges brought against him and ignored "the evidence or proof with reference to those charges." Such conclusion is arrived at by assuming (1) that the board considered only the "pink slips" or "citations" and (2) that no investigation was made of the charges the slips contained.

In the next breath, appellant states that "three days of testimony were received . . . from approximately 38 witnesses" with reference to such charges. One commissioner stated: "The thing is, the warning notices are just what they say they are, warning notices; it doesn't mean anymore than that . . ." The value of the notices was placed in its proper perspective. The charges contained in them were thoroughly investigated. The hearing examiner who had heard all the witnesses and all the testimony after conference ultimately voted for the discharge. Appellant objects to the fact that Mrs. Lazard changed her recommendation from one favorable to him to one in favor of his discharge. Mrs. Lazard was appointed by the whole board to give only a preliminary recommendation. She at no time had the power to act for the entire board. When the board discussed the matter among themselves, it can safely be presumed that they listened attentively to her reasoning and considered her recommendations. But the very purpose of having the board is to have several minds consider all the facets of a given situation. Mrs. Lazard reconsidered her recommendation in favor of the conclusions of the other four members. Appellant suffered no injustice from Mrs. Lazard's preliminary report.

Complaint is made that the city attorney's office represented both the board of public works and the board of civil service commissioners. While this is true, no miscarriage of justice resulted. The final decision as to the action in this case lay solely with the board of civil service commissioners, as provided by Article IX of the Charter of the City of Los Angeles. The commission complied fully with such charter provision as well as with Ordinance No. 95338 as it affected the investigation and hearing into appellant's discharge.

Section 112(a) of the charter reads in part: ". . . the order of said board with respect to such removal, discharge or suspension shall be forthwith certified to the appointing board or officer and shall be final and conclusive." When an investigation, as in this case, is made into the removal of a city employee, by the board of civil service commissioners, their decision—by the very terms of the charter—is placed beyond the reach of any judicial review. (*Meyer* v. *Board of Public Works, supra,* p. 471; *Ludolph* v. *Board of Police Comrs.,* 30 Cal.App.2d 211, 218 [86 P.2d 118].) There is no error in the rulings or decision of the trial court. It properly held that there was no abuse of discretion on the part of the commission. ■ In the absence of a reporter's transcript, all presumptions are that the court acted honestly and conscientiously with reference to every justiciable issue.

The judgment is affirmed.

McComb, J., and Fox, J., concurred.