[Civ. No. 68716. Second Dist., Div. One. Dec. 29, 1983.]

CERTIFIED GROCERS OF CALIFORNIA, LTD., Plaintiff and
Appellant, v.
SAN GABRIEL VALLEY BANK, Defendant and Respondent.

Counsel

Burke, Williams & Sorensen, Neil F. Yeager and Harold A. Bridges for Plaintiff and Appellant.

Manatt, Phelps, Rothenberg & Tunney, Richard D. Williams, John W. Cochrane, Jonathan L. Kirsch, Finley, Kumble, Wagner, Heine, Underberg, Manley & Casey and Jeffery D. Holmes for Defendant and Respondent.

## Opinion

LILLIE, J.—In this creditor's action, plaintiff appeals from judgment of dismissal entered on order sustaining general demurrer to the second amended complaint without leave to amend (Code Civ. Proc., § 581, subd. 3).

The second amended complaint contained three causes of action. The first alleged: On January 7, 1981, plaintiff commenced an action against Western Storage Systems, Inc. (judgment debtor), and on November 2, 1981, judgment was entered in favor of plaintiff and against judgment debtor in the sum of $479,828.80 plus interest of $26,963. After writ of execution against the property of the judgment debtor was returned unsatisfied, plaintiff instituted supplemental proceedings in aid of execution. Defendant bank appeared in those proceedings and denied under oath that it had any property in its possession or under its control belonging to the judgment debtor, and denied that it was indebted to the judgment debtor. Defendant's denial is false in that it is indebted to the judgment debtor by virtue of the following: On or before August 7, 1980, judgment debtor opened a checking account with defendant bank, said account being designated as a payroll account; in connection with the opening of the payroll account, and as required by the policies and practices of defendant, judgment debtor executed and lodged with defendant a bank-depositor agreement commonly known as a signature card; said signature card provided that, pursuant to a corporate resolution of judgment debtor dated January 30, 1980, Gene Byrge, judgment debtor's president, and Harlan Free, its secretary-treasurer, were the corporate officers authorized to draw checks on the payroll account; the signature card was signed by Byrge and Free and provided that the signatures of both were required on checks for more than $500 drawn on the payroll account; on December 26, 1980, Free went to defendant bank and deposited into the payroll account a cashier's check for $621,009.66, payable to judgment debtor, which Free had received from plaintiff; at the time of said deposit, Free executed a new signature card for the payroll account; the new signature card purported to designate Free as the corporate officer of judgment debtor authorized to draw checks on the payroll account and to require only his signature on such checks; it was executed by Free as president of judgment debtor, although at the time he was only its secretary-treasurer; while said new signature card purported to revoke the original signature card, it made no reference to any corporate resolution of judgment debtor covering the authority to draw checks on its payroll account, and in fact was unsupported by any such resolution; defendant bank accepted the new signature card and treated it as revoking and superseding the original signature card; commencing December 26, 1980 and continuing until January 7, 1981, defendant knowingly permitted Free, by checks which he alone signed, to deplete the payroll account by continuously and systematically withdrawing funds therefrom for the purpose of purchasing cashier's checks from defendant; a substantial portion of the funds so withdrawn from that account was, to defendant's knowledge, used by Free for his personal benefit and for purposes unrelated to the payroll obligations of judgment debtor; Free was not authorized to draw said checks on the payroll account or to with-

draw funds therefrom. Judgment debtor was damaged by the conduct of defendant bank in permitting funds to be withdrawn from the payroll account in this unauthorized manner. The exact amount of such damage is not presently known to plaintiff, but plaintiff is informed and believes that it is in excess of $400,000.

The second cause of action incorporated some of the foregoing allegations, and further averred: On or about December 26, 1980, as a result of the deposit of $621,009.66 into the payroll account, defendant became indebted to judgment debtor in that sum for money had and received by defendant for the benefit of judgment debtor. No part of said sum has been paid to judgment debtor and the entire sum is now owing to it.

The third cause of action, after incorporating the allegations of the first cause of action, alleged: At all times mentioned herein Free was a director and officer of the judgment debtor and, as such, owed to judgment debtor the fiduciary duty to conduct himself in a manner calculated to promote its best interests. In doing the things alleged, Free breached said fiduciary duty by converting to his own use and benefit the money of judgment debtor on deposit in its payroll account. Defendant bank knew that Free was an officer and director of the judgment debtor and that in such capacity he was under a fiduciary duty to judgment debtor; defendant also knew that in withdrawing money from the payroll account, Free was violating said duty by wrongfully appropriating and converting money of the judgment debtor to his own use and benefit. Notwithstanding such knowledge, defendant actively aided and abetted Free and participated with him in the breach of his fiduciary duty by wrongfully permitting him to obtain access to judgment debtor's payroll account and to withdraw therefrom for his own use and benefit the funds of the judgment debtor. Defendant profited from its participation with Free in the breach of his fiduciary duties by receiving a sum in excess of $26,000 from the funds on deposit in the payroll account. As a result of the foregoing wrongful acts, the judgment debtor was damaged in a sum in excess of $400,000. In doing the things herein alleged, defendant acted with oppression, fraud and malice, in conscious disregard of the rights of the judgment debtor, thereby entitling judgment debtor to punitive damages of $500,000.

■ ■ ■ ■ Defendant demurred generally to the second amended complaint,[1] arguing: (1) by its terms Code of Civil Procedure section 720

---

[1]The demurrer specified as its grounds that each cause of action failed to state facts sufficient to constitute a cause of action (Code Civ. Proc., § 430.10, subd. (e)), and that the court had no jurisdiction of the subject of any cause of action alleged in the pleading

limits actions by judgment creditors to situations involving "property" or "debts" held by third persons; plaintiff has not alleged that defendant holds property of the judgment debtor and the facts pleaded do not show a debt owing by defendant to judgment debtor which can be recovered by means of creditor's action; and (2) section 720 does not permit a judgment creditor to pursue tort claims of his judgment debtor against a third person and in any event the third cause of action does not state facts making defendant liable for Free's alleged breach of his fiduciary duty to judgment debtor.

I

Code of Civil Procedure section 720 provided in pertinent part: "If it appears that a person or corporation, alleged to have property of the judgment debtor, or to be indebted to him, claims an interest in the property adverse to him, or denies the debt, the judgment creditor may maintain an action against such person or corporation for the recovery of such interest or debt . . . ."[2] The second amended complaint alleged no facts showing that defendant holds any property of the judgment debtor. However, section 720 by its terms also permits a creditor's action where, as here, a third person (defendant) allegedly is indebted to the judgment debtor and denies such indebtedness. The issue therefore is whether plaintiff has alleged facts showing the existence of a debt within the meaning of section 720.

■ When a bank receives deposits it becomes the debtor of the depositor and its implied contract with him is to discharge that indebtedness by honoring such checks as he may draw upon it; the bank is not entitled to debit his account with payments not made by his order or direction. (*Glassell Dev. Co.* v. *Citizens' Nat. Bank* (1923) 191 Cal. 375, 379 [216 P. 1012, 28 A.L.R. 1427]; *Joffe* v. *United California Bank* (1983) 141 Cal.App.3d 541, 554 [190 Cal.Rptr. 443]; *Fireman's Fund Ins. Co.* v. *Security Pacific*

---

(§ 430.10, subd. (a)). While a demurrer on the ground that a complaint does not state facts sufficient to constitute a cause of action is called a general demurrer, and demurrers on other grounds, including lack of jurisdiction, are known as special demurrers, a demurrer for lack of jurisdiction of the subject matter " 'which operates like and is functionally similar to a demurrer for insufficiency of facts, should also be regarded as a *general demurrer.*' [Citation.]" (*Buss* v. *J. O. Martin Co.* (1966) 241 Cal.App.2d 123, 133 [50 Cal.Rptr. 206]; original italics.)

[2]Code of Civil Procedure section 720, in effect when plaintiff's action was filed and when judgment of dismissal was entered, has since been repealed. (Stats. 1982, ch. 1364, § 1, operative July 1, 1983). The subject of creditors' suits is now dealt with in Code of Civil Procedure sections 708.210-708.290 (added by Stats. 1982, ch. 1364, § 2, operative July 1, 1983). Section 708.210 reads: "If a third person has possession or control of property in which the judgment debtor has an interest or is indebted to the judgment debtor, the judgment creditor may bring an action against the third person to have the interest or debt applied to the satisfaction of the money judgment."

For purposes of this appeal, former section 720 is the controlling statute.

*Nat. Bank* (1978) 85 Cal.App.3d 797, 805, fn. 7 [149 Cal.Rptr. 883].) ■
A bank "is authorized to honor withdrawals from an account on the signatures authorized by the signature card, which serves as a contract between the depositor and the bank for the handling of the account. So long as the checks drawn on the account are signed in conformity with the signature card, and *absent any knowledge of a misappropriation,* the bank is free from liability for honoring a check drawn in breach of trust." (*Blackmon* v. *Hale* (1970) 1 Cal.3d 548, 556 [83 Cal.Rptr. 194, 463 P.2d 418], italics added; see also *Bullis* v. *Security Pac. Nat. Bank* (1978) 21 Cal.3d 801, 811-812 [148 Cal.Rptr. 22, 582 P.2d 109, 7 A.L.R.4th 642].) When the sum of $621,009.66 was deposited in judgment debtor's payroll account, as alleged in the first and second causes of action, defendant became indebted to judgment debtor in that amount. Plaintiff further alleged that when the deposit was made Free signed a new signature card purportedly requiring only his signature on checks drawn on the account; said card, unlike the original signature card, did not refer to any corporate resolution of judgment debtor covering the authority to draw checks on its account, and in fact Free was not authorized to draw such checks or to withdraw funds from the account. While it was not alleged that defendant was aware of Free's lack of authority, it was alleged that defendant knew a substantial portion of the funds withdrawn from the account by Free was used for his personal benefit and for purposes unrelated to the payroll obligations of the judgment debtor.

■ In passing on the sufficiency of a pleading against which a general demurrer has been sustained without leave to amend, an appellate court must construe the pleading liberally with a view to substantial justice between the parties. (*Dale* v. *City of Mountain View* (1976) 55 Cal.App.3d 101, 105 [127 Cal.Rptr. 520].) So construed, the second amended complaint alleges that defendant's payment of funds from the account, with knowledge of Free's misappropriation of such funds, did not discharge its indebtedness to judgment debtor created by the deposit of $621,009.66 into the account; accordingly, defendant remains indebted to judgment debtor for the total of the sums which Free withdrew from judgment debtor's account for his personal use and benefit.

■ Relying on the principle that " 'a sum payable upon a contingency is not a debt, or does not become a debt until the contingency has happened' " (*City of Oakland* v. *Williams* (1940) 15 Cal.2d 542, 551-552 [103 P.2d 168]), defendant argues that allegations of its wrongful conduct do not show the existence of a debt but give rise only to a contingent tort liability. The contention lacks merit. Although it was alleged that defendant permitted Free to make unauthorized withdrawals of funds deposited in judgment debtor's account with knowledge that he would use such funds for his personal benefit, plaintiff's apparent purpose in pleading such wrongful conduct was

not to establish tort liability, but to show that defendant's indebtedness to judgment debtor was not discharged by Free's withdrawals from the account. ■ As against a general demurrer a pleading is sufficient if it contains allegations essential to the statement of any one cause of action, even though an abortive attempt is made to state facts calling for other and different relief. (*Siciliano* v. *Fireman's Fund Ins. Co.* (1976) 62 Cal.App.3d 745, 751 [133 Cal.Rptr. 376].) ■ "A debt is a sum of money due by contract, express or implied." (*Perry* v. *Washburn* (1862) 20 Cal. 318, 350; *Davies* v. *Union Trust Co.* (1932) 125 Cal.App. 593, 598 [13 P.2d 961].) "[T]he term 'debt,' used in our statutes, 'should be given its modern legal significance, as including any sort of obligation to pay money.' " (*Chalmers* v. *Sheehy* (1901) 132 Cal. 459, 465 [64 P. 709].) ■ The allegations of the first and second causes of action set forth facts showing the existence of a "debt" owing by defendant to judgment debtor within the foregoing definitions.

## II

■ By the third cause of action plaintiff sought to recover from defendant on the basis of a cause of action in tort which exists in favor of judgment debtor. Since the purpose of proceedings under Code of Civil Procedure section 720 " 'is the same as that of the original creditors' bill in equity, namely, to enable the creditor to reach property which could not otherwise be made to contribute to the payment of the judgment, the statutory proceedings should be given an operation at least as broad as that of the creditors' bill.' (*Travis Glass Co.* v. *Ibbetson* (1921) 186 Cal. 724, 727 [200 P. 595].) [¶] 'Whether choses in action founded upon torts are subject to creditors' suit must depend upon whether they are, by the law of the state, assignable. If they are not, then they are not subject to such suits, otherwise they are so subject.' (Freeman, Executions (3d ed. 1900) § 425 at pp. 2290-2291.) Because causes of action for tort committed to property are assignable (Code Civ. Proc., § 954), they may be reached by proceedings under section 720. (*Travis Glass Co.* v. *Ibbetson, supra,* 186 Cal. 724, 727 [conversion of property belonging to judgment debtor]; *Staples* v. *May* (1890) 87 Cal. 178, 191 [25 P. 346] [trespass on judgment debtor's property and extraction of ore therefrom].) On the other hand section 720 should not be applied so as to render the nonassignable assignable. And nonassignable tort actions (see *Reichert* v. *General Ins. Co., supra,* 68 Cal.2d 822, 834 [69 Cal.Rptr. 321, 442 P.2d 377]) may not be reached in proceedings pursuant to section 720. The language of the section referring to 'debt' and 'interest in property' reinforces this conclusion." (*Murphy* v. *Allstate Ins. Co.* (1976) 17 Cal.3d 937, 945-946 [132 Cal.Rptr. 424, 553 P.2d 584].)

The third cause of action alleged that Free breached his fiduciary duty to judgment debtor "by appropriating and converting to his own use and benefit monies of the judgment debtor on deposit in the payroll account." In the Code of Civil Procedure, the word "property" includes both real and personal property, and personal property includes money. (Code Civ. Proc., § 17, subds. 1, 3.) Thus, the alleged conversion of money constitutes a tort committed to "property" as that word is used in section 720. It follows that the judgment debtor's cause of action for breach of fiduciary duty, which resulted in conversion of judgment debtor's money (property), is assignable and thus may be enforced in this section 720 proceeding.[3]

The third cause of action further alleged that defendant knowingly and actively participated with Free in the breach of his fiduciary duty by wrongfully permitting him to obtain access to judgment debtor's payroll account and to convert to his own use and benefit the money of judgment debtor on deposit in said account. ■ Where there is a common plan or design to commit a tort, all who participate are jointly liable whether or not they do the wrongful acts. (*Tide Water Assoc. Oil Co.* v. *Superior Court* (1955) 43 Cal.2d 815, 827 [279 P.2d 35].) Further, a person not himself a fiduciary may be liable for breach of a fiduciary duty as a result of colluding with a disloyal fiduciary. (*Gray* v. *Sutherland* (1954) 124 Cal.App.2d 280, 290 [268 P.2d 754].) ■ Accordingly, the judgment debtor has a cause of action against defendant as well as Free for breach of fiduciary duty and resulting conversion of money and plaintiff, in order to satisfy its judgment, may enforce such cause of action in this creditor's action. However, judgment debtor's claim for punitive damages, being nonassignable (see fn. 3), may not be pursued by plaintiff.

## DISPOSITION

The judgment of dismissal is affirmed as to the claim for punitive damages alleged in the third cause of action; in all other respects the judgment is reversed. Plaintiff shall recover its costs on appeal.

Spencer, P. J., and Hanson (Thaxton), J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 29, 1984.

---

[3]The judgment debtor's alleged claim of punitive damages, however, is not assignable (see *Murphy* v. *Allstate Ins. Co., supra,* 17 Cal.3d 937, 942; *Dugar* v. *Happy Tiger Records, Inc.* (1974) 41 Cal.App.3d 811, 819 [116 Cal.Rptr. 412]) and therefore is not a proper subject of this proceeding.