386 So.2d 49 (1980)
Peter PUZZO, Appellant,
v.
Wendell E. RAY, Community Art Alliance, Inc., Arthur Arndt and Rap-Pak Dry Wall & Insulations, Inc., Appellee.
No. 78-1981.
District Court of Appeal of Florida, Fourth District.
July 23, 1980.
Joel V. Lumer and Howard S. Susskind of Kaplan, Sicking, Hessen, Sugarman, Rosenthal & Zientz, P.A., Miami, for appellant.
Robert S. Geiger of Levine, Reckson, Reed & Geiger, P.A., Miami, for appellee.
HURLEY, Judge.
This case deals with the scope of supplementary proceedings pursuant to Section 56.29, Florida Statutes (1979). At issue is whether a judgment debtor's right of action for conversion constitutes a "property right" which may be reached by a judgment creditor in proceedings supplementary to execution. We answer in the affirmative.
Briefly stated, the facts are these: sometime before dawn on Sunday, March 7, 1976, appellant Puzzo in concert with three others  apparently operating under the mistaken belief that they had a security interest in the goods  seized certain furniture and goods owned by Community Art Alliance, Inc. ("Alliance"). The goods were taken and stored in Puzzo's warehouse in Vero Beach. Later that day, one of Puzzo's cohorts told alliance, "If you want it back, you can pay us the money you owe us."
The next series of events began on May 28, 1976, when appellee Ray obtained a default final judgment against Alliance for the sum of $11,942.50. Shortly thereafter, Ray's attorney filed an affidavit of unsatisfied execution. In December of 1976, Ray instituted proceedings supplementary to execution and moved to implead Puzzo and certain other parties. The court granted the motion to implead and the matter came on for trial before the court.
Following the hearing, the trial judge entered a detailed final order wherein he concluded that: (1) Puzzo's seizure and retention of Alliance's property constituted a conversion; (2) The property's value on the date of conversion was $12,809.25; (3) Alliance's right of action against Puzzo for conversion constitutes a chose in action; and (4) A chose in action is a "property right" which is subject to adjudication and disposition in proceedings supplementary to execution. The order also provided for the sale of the goods in Puzzo's warehouse and allowed for the entry of a reduced final judgment in the event that the proceeds of the sale did not satisfy Ray's judgment.
Puzzo has raised a number of points on appeal, but we limit our discussion to one: the propriety of allowing Ray, the judgment creditor, to reach Alliance's, the judgment debtor's, right of action against Puzzo, the tortfeasor.
Proceedings supplementary to execution are governed by Section 56.29, Florida Statutes (1979). The statute's provenance was traced by the court in Richard v. McNair, 121 Fla. 733, 164 So. 836, 840 (Fla. 1936):

*50 Such proceedings are considered a substitute for a creditor's bill in chancery, and provide a useful, efficacious, and salutary remedy at law enabling the judgment creditor not only to discover assets which may be subject to his judgment, but to subject them thereto by a speedy and direct proceeding in the same court in which the judgment was recovered. The statute should be given a liberal construction so as to afford to the judgment creditor the most complete relief possible.
Again, referring to predecessor statutes, the court in State ex rel. Phoenix Tax Title Corp. v. Viney, 120 Fla. 657, 163 So. 57, 60 (Fla. 1935), indicated that their purpose was:
... to confer on circuit courts the right to subject any and all property, or property rights of any defendant in execution, however, fraudulently conveyed, covered up, or concealed, the same might be, whether in the name or possession of third parties or not, to the satisfaction of an execution outstanding against him. (Emphasis supplied.)
In the case at bar we are particularly concerned with subsection 5 of Section 56.29, Florida Statutes (1979) which provides that:
The judge may order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt. (Emphasis supplied.)
The trial court's finding that Puzzo converted Appliance's property is supported by substantial competent evidence. Furthermore, appellant has failed to demonstrate that the trial judge's assessment of damages is contrary to the manifest weight of the evidence or is clearly erroneous. Thus, we are faced with the narrow issue of whether a judgment debtor's right to file an action for conversion constitutes a "property right" which may be included within subsection 5's definition of "... any property of the judgment debtor . . [which may be] applied toward the satisfaction of the judgment debt."
Our research has failed to disclose a Florida case directly on point. The closest decision which we have found, and one which lends support to our conclusion, is General Guaranty, Ins. Co. of Fla. v. DaCosta, 190 So.2d 211 (Fla. 3d DCA 1966). DaCosta held that a judgment debtor's liability insurer could be impleaded as a defendant in supplementary proceedings and made to either pay the judgment or show cause why the judgment should not be paid. The court reasoned that the term "property" was entitled to a broad, expansive definition and that other areas of the law had long since classified insurance as a type of property or as an asset. Of particular relevance to the case at bar is the court's observation that:
Even if the rights of Cam Exports, Inc. [the judgment debtor] in the liability insurance policy are not considered as "property rights," but only a chose in action, it has been held that supplementary proceedings are ordinarily available to reach "choses in action." Id. at 213-214.
Black's Law Dictionary (rev. 4th Ed. 1968) defines a "chose in action" as:
A personal right not reduced into possession, but recoverable by a suit at law... . A right to receive or recover a debt, demand, or damages on a cause of action ex contractu or for a tort or omission of a duty. (Emphasis supplied.)
In the same vein, 21 C.J.S. Creditors' Suits § 29 states:
A mere right of action for a personal tort, such as assault and battery, slander, or malicious prosecution, is not property which can be reached by a creditors' suit. This rule applies to a claim for personal injuries or even to a verdict for personal injuries before judgment has been entered thereon. However, an assignable right of action for a tort occasioning injury to property, or for conversion of property, even though the converted property has been used to pay a creditor of the debtor, may be reached by bill in equity, or under statutory provisions analogous thereto. (Footnotes omitted.)
See also, 21 Am.Jur.2d Creditors' Bills § 57.
The California Supreme Court's decision in Travis Glass Co. v. Ibbetson, 186 Cal. 724, *51 200 P. 595 (1921), dealt with a supplementary proceedings statute much like our own. Deciding that conversion was a property right subject to adjudication in supplementary proceedings, the court stated:
Since, however, the purpose of these statutory proceedings supplementary to execution is the same as that of the original creditor's bill in equity  namely, to enable the creditor to reach property which could not otherwise be made to contribute to the payment of the judgment  the statutory proceedings should be given an operation at least as broad as that of the creditor's bill. Accordingly, inasmuch as claims arising from torts committed on the property of a judgment debtor were within the reach of the judgment creditor under the old equity proceeding, it has been held that such claims may constitute the basis of a suit by a judgment creditor... . 200 P. at 596-597.
We find these authorities to be highly persuasive and therefore hold that the trial court was correct in permitting Ray, the judgment creditor, to reach Alliance's, the judgment debtor's, right of action against Puzzo, the tortfeasor. Appellant was properly impleaded, Robert B. Ehmann, Inc. v. Bergh, 363 So.2d 613 (Fla. 1st DCA 1978), and afforded due process, Art Advertising Co., Inc. v. Associated Press, 340 So.2d 1291 (Fla. 2d DCA 1977). Inasmuch as he has failed to demonstrate reversible error on appeal, the judgment is
AFFIRMED.
BERANEK and GLICKSTEIN, JJ., concur.