490 So.2d 1343 (1986)
Scott C. MICKLER, Appellant,
v.
Ruth AARON, Allstate Insurance Company; Alan S. Fishman; Bob Hurth; Dennis A. Vandenberg; Theodore Deckert; Law Offices of Brennan, McAliley, Hayskar, McAliley and Jefferson, P.A.,; Theodore Hainline; Hainline, Billing, Cochran and Heath, P.A.; Myrna Bricker; and Britton, Cohen, Cassel, Kaufman and Schantz, P.A., Appellees.
No. 85-1277.
District Court of Appeal of Florida, Fourth District.
July 9, 1986.
*1344 Gilbert A. Haddad, of Haddad, Josephs & Jack, Coral Gables, for appellant.
Bette E. Quiat and Leslye Silverberg, of Hofrichter, Quiat & Zuckerman, P.A., Miami, for appellee Fishman.
Marjorie Gadarian Graham, of Jones & Foster, P.A., West Palm Beach, for appellees Vandenberg and Brennan, et al., P.A. and Robert M. Klein and Debra J. Snow, of Stephens, Lynn, Chernay & Klein, P.A., Miami, for appellee Deckert.
Rex Conrad and Valerie Shea of Conrad, Scherer & James, Fort Lauderdale, for appellees Hainline and Hainline, et al., P.A., and Robert Hurth, Boca Raton.
William D. Ricker, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellees Bricker and Britton, et al., P.A.
PER CURIAM.
Appellant, the successful plaintiff in a personal injury action against appellees Aaron and her insurance company, Allstate, appeals the dismissal with prejudice of his impleader complaint against the attorneys who represented Aaron in that action, and the dismissal of his petition for proceedings supplementary pursuant to section 56.29, Florida Statutes (1983), for collection of the outstanding $12 million judgment he has against Aaron.
Appellant argues that he should be allowed to implead the attorneys to collect money damages for legal malpractice he claims they committed in their representation of Aaron in the personal injury action. He also argues that the trial court should allow him to use the proceedings supplementary mechanism to execute upon those potential legal malpractice claims, asserting that the claims are Aaron's choses in action, thus her assets, upon which he is allowed to execute.
Appellant's contentions are without merit based upon this court's decisions in Washington v. Firemans Fund Insurance Co., 459 So.2d 1148 (Fla. 4th DCA 1984) (holding legal malpractice action not assignable because of the personal nature of legal services involving highly confidential relationships) and Puzzo v. Ray, 386 So.2d 49 (Fla. 4th DCA 1980) (holding a mere right of action for a personal tort is not property which can be reached by a creditor's suit pursuant to section 56.29, Florida Statutes).
AFFIRMED.
ANSTEAD, LETTS and DELL, JJ., concur.