WENTWORTH, Judge.
Appellant Paul Allen, the impleaded third party, seeks review of an order entered in a proceeding supplementary to execution of judgment by which he is required to indi-, vidually satisfy a judgment obtained by appellee Ronald Hinson against University Home Foundation, Inc., a corporation formerly managed by Allen, and against Allen as trustee for the corporation. Allen asserts that any right which Hinson might have had to proceed against him individually in a proceeding supplementary was premised on University Home Foundation’s underlying right of action against Allen for the wrongful taking of certain corporate assets, and that the statute of limitations on that right of action has run. We agree that reversal and remand is required because the trial court has not made the necessary determination on the pertinent issues.
*412 University Home Foundation, Inc. underwent voluntary dissolution in October 1981. Hinson was a shareholder in the corporation, and a check in an amount representing his interest in the company was tendered to him at dissolution but was never negotiated. These funds were ultimately redeposited in the corporate account. Allen, the company’s manager, transferred to himself a large amount of corporate funds in October and November 1981, and by March 1983, all of the corporate assets were depleted and the corporate accounts closed. Allen asserted that the funds which he took in late 1981 represented backpay or reimbursement for personal loans he had made to the company.
Hinson sued University Home Foundation, Inc., Allen as trustee for the corporation, and Allen individually in November 1982, demanding an accounting and damages. Allen individually was dismissed from the lawsuit in December 1985, and Hinson obtained a summary judgment against the company and Allen as trustee for the company at that time. In June 1987, Hinson filed a proceeding supplementary to execution and a motion for impleader of Allen, asserting that Allen personally received funds from the corporate accounts which included those funds due to Hinson since dissolution.
In the proceeding supplementary, the trial court found that the funds which Allen had transferred out of the corporate accounts (commencing in late 1981) were transferred without consideration and were therefore property due to the judgment debtor corporation. The trial court found that these funds were to be used to satisfy a judgment creditor’s judgment against the corporation, and ordered Allen to satisfy Hinson’s judgment against University Home Foundation, Inc. with the funds which Allen had taken from the corporation. Whether Allen misappropriated corporate funds is not at issue here, but for purposes of determining the scope of Hin-son’s rights in a proceeding supplementary to execution, we find that such a misappropriation may create in University Home Foundation a potential right of action against Allen to recover these funds.
Section 56.29(5), Florida Statutes, provides that in a proceeding supplementary, “[t]he judge may order any property of the judgment debtor ... in the hands of any person or due to the judgment debtor to be applied towards the satisfaction of the judgment debt.” The phrase “any property” has been broadly construed to encompass all property and property rights of the defendant, including a right of action such as conversion against a third party. See Puzzo v. Ray, 386 So.2d 49 (Fla. 4th DCA 1980). Thus, under that decision, a right of action in tort to recover this corporate property which University Home Foundation might have had against Allen could arguably be reached by Hinson in satisfying his judgment against the corporation.
However, because Hinson clearly had no greater ability to enforce this potential right of action against Allen than University Home Foundation would have had, such defenses as a statute of limitations on that right of action should be appropriately applied to an attempt to enforce the action. In this proceeding Allen timely asserted the statute of limitations defense in his response to Hinson’s motion for impleader and proceeding supplementary. Since Hin-son did not file a proceeding supplementary to execution of the judgment until June 1987, the trial court must therefore determine when any asserted misappropriation of corporate funds by Allen was accomplished, and when a defense, if any, accrued.
The trial court’s order on the proceeding supplementary is reversed and the cause remanded for further proceedings consistent herewith on the existing record or upon such further hearing as may be necessary.
ERVIN and ZEHMER, JJ., concur.