PER CURIAM.
The appellants, Michael J. Shaughnessy and Beth Shaughnessy, challenge a final judgment in which the trial court ordered that their claim for personal injuries could be seized by the appellees, Rachel Klein a/k/a Rachel P. Klein and Carol A. Agria, in supplementary proceedings. We reverse.
Appellees obtained a judgment against appellants in the sum of $267,514.04 plus interest. Appellees subsequently filed a motion for proceedings supplementary and a motion to implead the defendants in a pending lawsuit which had been filed by appellants. The lawsuit involved a claim for personal injuries for the loss of an eye by Michael Shaughnes-sy and a derivative claim by Beth Shaugh-nessy for loss of consortium. Following a hearing on the appellees’ motion, the trial court entered a final judgment impleading the defendants in appellants’ personal injury claim, seizing the claim, and ordering the sheriff to take possession of the claim and sell it at a public sale to the highest bidder. Appellants filed a timely notice of appeal.
Appellants contend that a tort claim arising from a personal injury sustained by a judgment debtor may not be reached by a creditor’s suit. We agree and, accordingly, hold that the trial court erred in allowing appellants’ pending claim for personal injuries to be seized. See Mickler v. Aaron, 490 So.2d 1343 (Fla. 4th DCA 1986)(judgment creditor cannot implead attorneys of judgment debtor and execute upon a tort claim for legal malpractice of the judgment debtor in order to satisfy a judgment). See also Puzzo v. Ray, 386 So.2d 49 (Fla. 4th DCA), rev. denied, 392 So.2d 1378 (Fla.1980).
We reverse the final judgment and remand for further proceedings.
Reversed and remanded.
SCHOONOVER, A.C.J., and FRANK and BLUE, JJ., concur.