STEVENSON, J.
We redesignate as a non-final appeal this petition for writ of certiorari, where the former husband, Jerome W. Craft, seeks review of a non-final order of the circuit which granted the motion of the former wife, Mary Elizabeth Craft, requbri ing the husband to turn over assets to satisfy an earlier judgment which found the husband in contempt for failing to pay permanent periodic alimony. In proceedings supplementary, the trial court ordered the husband to turn over all assets in his possession to the sheriff for sale at auction, but the husband failed to turn over his rights in a pending lawsuit and his rights in an account receivable purportedly owed to him. The trial court then ordered the husband tti turn over these assets also, which is the subject of this appeal. We affirm.
Proceedings supplementary are governed by the mandates of section 56.29, Florida Statutes, one provision of which reads as follows:
The judge may order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt.
§ 56.29(5), Fla. Stat. (1999)(emphasis added).
Ordinarily, a judgment debtor’s choses in action may be reached by supplementary proceedings. Narrow exceptions to the broad requirements of this statute and its predecessors were initially drawn in the area of suits for so-called “personal torts,” i.e., those for personal injuries such as suits for assault and battery, slander and similar cases. Those suits were considered personal to the plaintiff and have been held not to be assignable, or in, other words, not reachable in proceedings supplementary. See Puzzo v. Ray, 386 So.2d 49, 51 (Fla. 4th DCA)(citing 21 C.J.S. Creditors’ Suits § 29 and 21 Am.Jur.2d Creditors’ Bills § 57), rev. denied, 392 So.2d 1378 (Fla.1980). However, a right of action for injury to property interests was not so protected. See Puzzo.
The exception which precludes the assignment of personal torts has been expanded to suits for legal malpractice because of the personal nature of the services; involving highly confidential relationships, see Miekler v. Aaron, 490 So.2d 1343 (Fla. 4th DCA 1986), and *573 Washington v. Fireman’s Fund Ins. Co., 459 So.2d 1148 (Fla. 4th DCA 1984), and has been applied by at least one federal court interpreting Florida law to a breach of fiduciary duty action by an insured against an insurance agent. See Forgione v. State Farm Mutual Auto. Ins. Co., No. 94-7254-CIV-MARCUS, 1995 WL 943258 (S.D.Fla. Oct.31, 1995)(unpublished opinion).
Based on the facts of this case, we affirm the order of the trial court and decline to broaden the exception for nonassignable “personal torts” to include cases such as the one here, where the causes of action all revolve around the former husband’s allegations that his two sons, the sons’ law firm, the former wife, a daughter-in-law and others, fraudulently mishandled various business and financial interests which the law firm was managing for the former husband.[1] The claims here more closely resemble assignable causes of action which relate to injury to property interests.
AFFIRMED.
STONE and FARMER, JJ., concur.

. Specifically, the lawsuit contains the following counts: (1) breach of fiduciary duty; (2) money lent; (3) conversion; (4) spoliation of evidence; (5) unjust enrichment; (6) equitable lien or constructive trust (partly in connection with property of the defendants that was allegedly built and purchased by funds taken from the former husband); and (7) conspiracy to violate fiduciary duties, commit conversion, and to destroy evidence.