767 So.2d 563 (2000)
Thomas J. NORTHCUTT, KayeLynne Northcutt, Fort Hope Development, Inc., Appellants,
v.
BANKATLANTIC, a Federal Savings Bank, f/k/a Atlantic Federal Savings and Loan Association of Fort Lauderdale, Appellee.
No. 4D99-1263.
District Court of Appeal of Florida, Fourth District.
August 30, 2000.
Rehearing Denied September 28, 2000.
Gerald J. Houlihan and Leslie A. Rafalli of Houlihan & Partners, P.A., Miami, for appellants.
William C. Davell and Carolyn B. Frank of May, Meacham & Davell, P.A., Fort Lauderdale, for appellee.
KLEIN, J.
Mr. and Mrs. Northcutt appeal a summary judgment holding that the settlement proceeds of their legal malpractice claims could be garnished by appellee BankAtlantic, which had a judgment only against Mrs. Northcutt. We reverse, holding that there are issues of fact as to whether a portion of the proceeds belonged to Mr. Northcutt.
The proceeds of the settlement which BankAtlantic garnished were paid by the *564 malpractice insurer of a law firm. The claims for malpractice were based on negligent representation by the firm during a period of time when it was representing Mr. and Mrs. Northcutt, while Mr. Northcutt was in bankruptcy. The trustee in Mr. Northcutt's bankruptcy sold (assigned) his cause of action for malpractice against the law firm, with bankruptcy court approval, to the law firm's malpractice insurer for $6,000.[1] Mrs. Northcutt's claim for malpractice remained pending.
According to an affidavit filed by the lawyer for Mrs. Northcutt, she had turned down the insurer's maximum offer of $350,000. The insurer then suggested that it would increase the offer if the settlement included a settlement of any claim Mr. Northcutt (who was no longer in bankruptcy) might have and a release from Mr. Northcutt. The parties then reached a settlement in the amount of $700,000.
After the agreement to settle, but before payment, BankAtlantic, which had a judgment only against Mrs. Northcutt, garnished the funds. In the garnishment proceedings the trial court granted BankAtlantic's motion for summary judgment, holding that BankAtlantic was, as a matter of law, entitled to all of the proceeds of the settlement. The court concluded that Mr. Northcutt had no claim for malpractice because the trustee in Mr. Northcutt's bankruptcy had sold it. Accordingly, all of the proceeds of the settlement belonged to Mrs. Northcutt, and were subject to garnishment by BankAtlantic.
The Northcutts argue that: (1) tort claims are not assignable under Florida law; (2) the purported sale by the bankruptcy trustee was therefore void; and (3) because the trustee did not pursue the claim it was abandoned and reverted to Mr. Northcutt.
As to the Northcutts' first premise, that a cause of action for legal malpractice is not assignable under Florida law, they are correct. Forgione v. Dennis Pirtle Agency, Inc., 701 So.2d 557 (Fla.1997)(citing Washington v. Fireman's Fund Ins. Co., 459 So.2d 1148 (Fla. 4th DCA 1984)).
As to their second premise, that the bankruptcy trustee could not sell (assign) the tort claim, the Northcutts cite several cases which so hold. In Integrated Solutions, Inc. v. Service Support Specialties, Inc., 124 F.3d 487 (3d Cir.1997), the debtor in bankruptcy had a cause of action in tort which arose during the bankruptcy proceedings. The trustee "sold" the tort claim to Integrated Solutions. Under New Jersey state law a tort cause of action was not assignable. When Integrated brought a law suit on the claim, the trial court dismissed it, and the third circuit affirmed, holding that the sale was "void ab initio." See also Baum v. Duckor, Spradling & Metzger, 72 Cal.App.4th 54, 84 Cal.Rptr.2d 703 (1999); In re J.E. Marion, Inc., 199 B.R. 635 (Bankr.S.D.Tex.1996).
If the sale was void, the Northcutts may well be correct in arguing that, by taking no action to collect the claim the trustee abandoned it, and it reverted to Mr. Northcutt. In re Bennett, 13 B.R. 643 (Bankr.W.D.Mich.1981)("[A]bandonment causes the interest of the estate in property to pass back to the debtor.").
BankAtlantic argues that we should not follow Integrated Solutions, Baum, and J.E. Marion, which are from other jurisdictions, and that the bankruptcy court's ruling in the present case, that the claim could be assigned, is binding on us under the law of the case doctrine. Even if we agreed with BankAtlantic, however, there remain issues of fact.
As we noted earlier, the affidavit of the Northcutts' counsel states that the insurer of the law firm was unwilling to pay more than $350,000 to settle Mrs. Northcutt's *565 claim, but was willing to pay $700,000 if the settlement would include a release from Mr. Northcutt. That affidavit creates a material issue of fact as to whether any of the funds paid by the malpractice insurer were to settle Mr. Northcutt's claim, regardless of the merits of the claim. If the insurer was willing to pay to buy peace from Mr. Northcutt, those funds were his, and not subject to garnishment.
We therefore reverse the summary judgment and remand for further proceedings.
POLEN and HAZOURI, JJ., concur.
NOTES
[1] The trustee had concluded that, considering the possibility of recovery, along with the time and expense it would take to pursue the malpractice claim, it would not be beneficial to the bankruptcy estate to prosecute it. We assume the malpractice insurer brought the claim with the expectation that it could then dismiss the lawsuit against its insured.