775 So.2d 976 (2000)
Thomas J. NORTHCUTT, Appellant,
v.
ROBERT J. BRYAN, P.A., and Robert J. Bryan, et al., Appellees.
No. 4D00-652.
District Court of Appeal of Florida, Fourth District.
November 15, 2000.
Rehearing Denied February 1, 2001.
*977 Gerald J. Houlihan of Houlihan & Partners, P.A., Miami, for appellant.
W. Sam Holland of Hinshaw & Culbertson, Miami, for appellees.
KLEIN, Judge.
This is an appeal from a summary judgment entered against the appellant who was the plaintiff in a legal malpractice case. The trial court concluded that the plaintiff did not have standing to bring the malpractice case because the alleged malpractice occurred while plaintiff was in bankruptcy, and the claim belonged to the bankruptcy estate, which sold it. We affirm.
Plaintiff, who was in a Chapter 11 bankruptcy, brought this action alleging legal malpractice which occurred while he was in bankruptcy. After the bankruptcy judge concluded that the malpractice claim was an asset of the bankruptcy estate, the trustee determined that the claim was of "inconsequential value" and not worth pursuing. The trustee sought court authorization to sell the claim to the highest bidder, which was granted, and the highest bidder turned out to be the defendants in the malpractice case, the appellees, who purchased the claim against them for $5,000.
The plaintiff had filed malpractice suits against two other law firms which had represented him while he was in bankruptcy. Prior to the claim in this case being sold by the trustee, one of the other claims had been sold by the trustee, with court approval, to the highest bidder, the law firm which was the defendant in regard to that claim. The order approving that prior sale was appealed to the United States District Court, which affirmed, and then to the eleventh circuit, which affirmed without opinion. The order entered by the bankruptcy judge approving the sale of the claim in the present case was not appealed.
Although the appellant acknowledges that the trustee in the bankruptcy owned the legal malpractice claim, he argues that the bankruptcy trustee could not sell the tort claim because a cause of action for legal malpractice is not assignable under Florida Law. Forgione v. Dennis Pirtle Agency, Inc., 701 So.2d 557 (Fla.1997). Appellant relies on three recent decisions holding that, where state law prohibits the assignment of tort claims, a trustee in bankruptcy who has a tort claim cannot assign it. Integrated Solutions, Inc. v. Service Support Specialties, Inc., 124 F.3d 487 (3d Cir.1997); Baum v. Duckor, Spradling & Metzger, 72 Cal.App.4th 54, 84 Cal.Rptr.2d 703 (1999); In re J.E. Marion, Inc., 199 B.R. 635 (Bankr.S.D.Tex.1996). Appellant reasons, based on those cases, that the sale by the trustee was void, and that the trustee therefore abandoned the claim resulting in its reverting to appellant.[1]
Appellant may well be correct on his theory that, because legal malpractice claims are not assignable under Florida law, a bankruptcy trustee cannot assign such a claim. The problem with appellant's argument, however, is that the bankruptcy judge approved the sale of the malpractice claim, and that order was not appealed.[2] The preclusive effect of orders *978 entered by bankruptcy courts was recently explained in In re Pardee, 218 B.R. 916, 941 (9th Cir.BAP1998):
The concept of the preclusive effect of final orders is a basic principle of American jurisprudence. In Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938), the Supreme Court addressed the enforceability of a provision in a corporate debtor's plan that provided for the cancellation of a bond guaranty. The creditor did not object to the plan. However, after confirmation, the creditor filed a state court action to recover on the guaranty. The Supreme Court held that the finality of the bankruptcy confirmation order barred the creditor from litigating its claim. The plan was res judicata even though the bankruptcy court did not have subject matter jurisdiction to release the guarantor on his guaranty of the debtor's obligations.
See also Spartan Mills v. Bank of America Illinois, 112 F.3d 1251, 1255 (4th Cir.1997)("[s]ince the plaintiffs never appealed the bankruptcy court's confirmation order, the order is a final judgment and plaintiffs cannot challenge the bankruptcy court's jurisdiction over the subject matter"). Florida law is consistent with federal law. Peacock v. Farmers and Merchants Bank, 454 So.2d 730, 734 (Fla. 1st DCA 1984)("appellants, having failed to avail themselves of the opportunity to challenge the adequacy of the sales price of the corporate assets in the forum having jurisdiction over the issue-the bankruptcy court-are here in effect attempting an improper collateral attack on the same proceeding").
We therefore conclude that the trial court was correct in holding that appellant had no standing to bring this claim. Affirmed.
DELL and GROSS, JJ., concur.
NOTES
[1] In a related case, Northcutt v. BankAtlantic, 767 So.2d 563 (Fla. 4th DCA 2000), involving the garnishment of settlement proceeds paid to Mr. and Mrs. Northcutt as a result of another malpractice claim, we discussed appellants' theory that the claim was not assignable by the trustee, and was abandoned, but it was unnecessary for us to determine those issues.
[2] It does not appear that the argument being raised by appellant in this case, that the tort claim was not assignable under state law, was advanced in the bankruptcy court, which is not surprising, because the cases on which appellant relies were all decided after the bankruptcy judge approved the sale of the claim in 1995.