992 So.2d 859 (2008)
David DONAN, Appellant,
v.
DOLCE VITA SA, INC., a Florida corporation, Appellee.
No. 4D08-1627.
District Court of Appeal of Florida, Fourth District.
October 1, 2008.
Louis E. Lozeau, Jr., and Tim B. Wright of Wright, Ponsoldt & Lozeau, Trial Attorneys, L.L.P., Stuart, for appellant.
Michael Friedman and Mike Piscitelli of Vezina, Lawrence & Piscitelli, P.A., Fort Lauderdale, for appellee.
HAZOURI, J.
David Donan appeals the trial court's order granting Dolce Vita Sa, Inc.'s motion to quash notice of a sheriff's sale. We affirm.
This action originated from a complaint filed by Dolce Vita seeking damages against Donan for breach of contract. Dolce Vita's complaint was dismissed without *860 prejudice and an associated lis pendens was judged improper. Dolce Vita filed a new complaint against Donan based upon the same cause of action. By way of agreed order, Dolce Vita's claim was referred to arbitration before the American Arbitration Association, with the exception of matters relating to the lis pendens, and is currently pending.
As a result of the order dismissing the complaint, Donan filed an application for attorneys' fees and costs for having to respond to the improperly filed lis pendens. The court entered an Order of Final Judgment for Attorneys' Fees and Costs in favor of Donan in the amount of $16,954.48. Thereafter, Donan brought a motion for proceedings supplementary for execution on the judgment for attorneys' fees and costs. In the motion, Donan argued that Dolce Vita, a judgment debtor, possessed property rights consisting of a chose in action in its pending arbitration case against Donan, and that this chose in action was subject to execution in proceedings supplementary.
The trial court granted Donan's Motion for Proceedings Supplementary for Execution. The order specifically stated that "[b]ecause Dolce Vita's claim is a property right subject to execution in proceedings supplementary, Mr. Donan is entitled to have the chose in action seized, executed upon, and sold to the highest bidder at a local sheriff's sale."
The clerk of court then issued a writ of execution commanding the Sheriff of Martin County to levy upon Dolce Vita's statement of claim against Donan in the pending arbitration case and the corresponding case pending in the Circuit Court for Martin County. The corresponding case had been stayed pending the arbitration. The Sheriff subsequently issued a Notice of Sheriff's Sale for March 31, 2008.
On or about March 24, 2008, Dolce Vita filed an emergency motion to quash the Notice of Sheriff's Sale. The emergency motion argued that Donan was seeking to frustrate and defeat Dolce Vita's underlying cause of action against him, and that it would be against public policy to allow him to use the sheriff's sale to terminate Dolce Vita's action without any adjudication on the merits. The trial court granted the emergency motion to quash the sheriff's sale, resulting in this appeal.
On appeal, Donan argues that the trial court's ruling ignored long-standing Florida law that a chose in action is reachable in proceedings supplementary. Donan claims that the trial court crafted an exception to section 56.29(5), Florida Statutes (2007), which does not exist.
Section 56.29(5) provides: "The judge may order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt." A chose in action belonging to the judgment debtor has generally been considered a property right reachable by a judgment creditor in proceedings supplementary. See Puzzo v. Ray, 386 So.2d 49, 49 (Fla. 4th DCA 1980); Gen. Guar. Ins. Co. of Fla. v. DaCosta, 190 So.2d 211, 213-14 (Fla. 3d DCA 1966).
Ordinarily, a judgment debtor's choses in action may be reached by supplementary proceedings. Narrow exceptions to the broad requirements of this statute and its predecessors were initially drawn in the area of suits for so-called "personal torts," i.e., those for personal injuries such as suits for assault and battery, slander and similar cases. Those suits were considered personal to the plaintiff and have been held not to be assignable, or in other words, not reachable in proceedings supplementary. *861 Craft v. Craft, 757 So.2d 571, 572 (Fla. 4th DCA 2000) (citations omitted).
The issue in the present case is whether the trial court erred in quashing the notice of sheriff's sale knowing that the judgment creditor sought to dismiss the judgment debtor's case against Donan by purchasing the judgment debtor's lawsuit. Dolce Vita does not argue that its cause of action against Donan falls into one of the exceptions for personal torts mentioned in Craft. Dolce Vita's argument is strictly based on the premise that it is inequitable and contrary to public policy to allow Donan to use the proceedings supplementary to purchase Dolce Vita's breach of contract action and dismiss it.
In Paglia v. Breskovich, 11 Wash.App. 142, 522 P.2d 511 (1974), the Washington Court of Appeals addressed a similar situation. In that case, Breskovich filed an action as plaintiff against a shipbuilder for breach of contract. Id. at 511-12. Paglia, the shipbuilder's attorney, was also assignee of an unpaid judgment against Breskovich in another case. Id. at 512. Paglia obtained a writ of execution based on the unpaid judgment, and then purchased Breskovich's breach of contract claim against the shipbuilder at a sheriff's sale after the sheriff levied upon it. Id. Paglia openly admitted to the trial court that his intention was to take away the other side's ability to prosecute their case. Id. The trial court denied Breskovich's motion to set aside the sheriff's sale. Id.
The Washington Court of Appeal reversed holding that the judgment debtor could invoke the trial court's equitable power to set aside the sheriff's sale. Id. at 513-14. The court recognized that the Washington statute, which is similar to that in Florida, broadly provided that "[a]ll property, real and personal, of the judgment debtor, not exempted by law, shall be liable to execution." Id. at 513. The court, however, characterized the possibility of control of both sides of the lawsuit falling into the hands of one party as "grossly inequitable" because it would deprive the judgment debtor of the opportunity to establish his claim. Id. at 514.
This is a case of first impression in Florida and we, like the trial court, are persuaded by the Washington Court's opinion in Paglia. If Donan succeeded in purchasing Dolce Vita's claim at the sheriff's sale, he would then be able to dismiss Dolce Vita's case against him without Dolce Vita ever having its breach of contract claim resolved on the merits. Such a finding would foster an inequitable result.
Our conclusion that the trial court had the discretion to make this exception to the statute is supported by the fact that statutory supplementary proceedings are based on earlier remedies which were equitable in nature. Puzzo, 386 So.2d at 51. Trial courts accordingly have discretion in supplementary proceedings. Gen. Guar. Ins. Co. of Fla. v. DaCosta, 190 So.2d 211, 213 (Fla. 3d DCA 1966) (circuit court has broad discretionary powers to carry out intent and purpose of supplemental proceeding statutes). In addition, section 56.29(5), set out above, says that the judge "may," not shall, order execution. Nor would this be the first exception the courts have carved out of the statute. Mickler v. Aaron, 490 So.2d 1343 (Fla. 4th DCA 1986) (exceptions for personal tort claims). We accordingly conclude, that under these specific facts, the trial court did not abuse its discretion in quashing the sheriff's sale.
Affirmed.
KLEIN and DAMOORGIAN, JJ., concur.