GROSS, J.
MYD Marine Distributor, Inc. appeals an order assigning MYD’s interest in a pending lawsuit to a-judgment creditor. We hold that the trial court did not abuse its discretion by making the assignment in proceedings supplementary and affirm.
MYD and Donovan Marine, Inc. have a history of litigation. See MYD Marine Distrib., Inc. v. Int’l Paint Ltd., 76 So.3d 42 (Fla. 4th DCA 2011); MYD Marine Distrib., Inc. v. Int’l Paint Ltd., 151 So.3d 1263 (Fla. 4th DCA 2014).
After Donovan prevailed in a lawsuit, it obtained a final judgment against MYD for $550,000 in attorney’s fees plus costs. At the time, MYD was a plaintiff in several unrelated lawsuits; it agreed to an injunction “restricting the usage of any money or other value realized from” these claims. The defendant in one of these related lawsuits was Lauderdale Marine.
After holding the judgment' for 20 months, Donovan moved to institute proceedings supplementary to require the *845 turnover of certain intangible assets owned by MYD, including its right to pursue the legal action against Lauderdale Marine. Donovan asserted that it recovered only $120,000 from its attempts to enforce the judgment. To satisfy the rest of the debt, Donovan sought all of MYD’s “right, title, ownership, and interest in” the pending Lauderdale Marine case, pursuant to section 56.29, Florida Statutes (2015), which permits seizure of rights in a pending-lawsuit. Donovan alleged that the unsatisfied debt exceeded $465,000 and that MYD’s only remaining asset was its interest in the Lauderdale Marine case. Donovan claimed that MYD had done so little to prosecute the litigation that the case was eligible for dismissal for lack of prosecution.
The trial court granted Donovan’s motion for proceedings supplementary. It observed that Donovan sought transfer of “causes of action for breach of contract and breach of the implied duty of good faith and fair dealing, which are freely transferable and assignable causes of action.” The court ordered that the “chose in action ... shall be applied to the substantial judgment debt that remains outstanding and that is owed to [Donovan] in this case.” Going forward, Donovan would “assume all of the right, title and interest of the plaintiff in the [Lauderdale Marine] case, and shall continue to prosecute the claim as it sees fit, just as if it had been the original owner of the claim.”
MYD argues it was error to transfer outright its entire interest in the Lauder-dale Marine ease to its judgment creditor, Donovan, because the amount of damages sought is “substantially greater” than the debt owed, so that the transfer was inequitable. MYD contends that if this court affirms, there is a danger that Donovan will “collusively settle” the case for the amount it is owed, depriving MYD of its right to recover the balance of the claim and creating a windfall for Lauderdale Marine.
On this record, we hold that the trial court did not abuse its discretion in assigning the claim.
Donovan used section 56.29 to initiate proceedings supplementary. Section 56.29(5) provides that a court “may order any property of the judgment debt- or, not exempt from execution, in the hands of any person, or any property, debt, or other obligation due to the judgment debtor, to be applied toward the satisfaction of the judgment debt.” A “chose in action” is “property” within the meaning of section 56.29(5). Puzzo v. Ray, 386 So.2d 49, 50-51 (Fla. 4th DCA 1980). A “chose in action” is a “personal right not reduced into possession, but recoverable by a suit at law.... A right to receive or recover a debt, demand, or damages on a cause of action ex contractu or for a tort or omission of a duty.” Id. at 50 (quoting Black’s Law Dictionary (4th ed.1968)). MYD’s lawsuit against Lauder-dale Marine was a chose in action subject to the reach of section 56.29(5) proceedings supplementary.
Nothing in this record demonstrates that the value of MYD’s lawsuit against Lauderdale Marine so far exceeded the amount of Donovan’s outstanding judgment that assignment of the lawsuit to Donovan was inequitable. MYD offered no evidence to the trial court concerning the value of its lawsuit.' Cases for breach of contract or warranty can be valued. A plaintiff has to quantify its damages to make a case. Lawsuits are valued for all sorts of reasons, including settlement and funding. We disagree with the observations of a federal court that a pending lawsuit is so difficult to value that a court should give great weight to a plaintiffs often inflated damage claims in a com *846 plaint. See Amphibious Partners LLC v. Redman, 389 Fed.Appx. 762, 766-67 (10th Cir.2010) (unpublished and as discussed in a footnote to the opinion, the order and judgment is not binding precedent).
We distinguish this case form Donan v. Dolce Vita Sa, Inc., 992 So.2d 859 (Fla. 4th DCA 2008), which involves the propriety of a judgment creditor taking control of a case where the judgment creditor was the defendant.
Donan and Dolce Vita were on opposing sides in two separate lawsuits. Id. at 860. One case had concluded and Donan secured a judgment for attorneys’ fees and costs. Id. The other, unrelated suit was still pending and had been referred to arbitration. Id.
Donan moved for proceedings supplementary, arguing Dolce Vita possessed a chose in action property right as the plaintiff in the pending arbitration case. Id. The trial court granted Donan’s motion, stating that Dolce Vita’s interest in the arbitration case was a property right subject to execution in a proceeding supplementary and Donan was “entitled to have the chose in action seized, executed upon, and sold to the highest bidder at a local sheriffs sale.” Id.
Dolce Vita filed an emergency motion to quash a Notice of Sheriffs Sale, asserting “that Donan was seeking to frustrate and defeat Dolce Vita’s underlying cause of action against him, and that it would be against public policy to allow him to usé the sheriffs sale to terminate Dolce Vita’s action without any adjudication on the merits.” Id. The trial court granted the emergency motion. Id.
The issue on appeal in Donan was whether the trial court erred in quashing the notice of sale, knowing that Donan, the judgment creditor, sought to purchase the arbitration lawsuit not to recover the subsequent award, but to dismiss the case in which it was the defendant. Id. at 861. We noted that. statutory supplementary proceedings are equitable in nature such that a court has discretion over whether or not to grant them. Id. Relying on a case from Washington state, we determined it was not an abuse of discretion to quash the sale because allowing Donan to purchase a claim against himself would lead to a- clearly inequitable result. Id. (citing Paglia v. Breskovich, 11 Wash.App. 142, 522 P.2d 511 (1974)); see also Associated Ready Mix, Inc. v. Douglas, 843 S.W.2d 758, 762 (Tex.App.1992) (noting that typically a judgment creditor has the same interest in pursuing a chose in action to maximum value, but a conflict of interest' is created where a creditor is assigned a chose in action against himself).
Donan thus presents facts that distinguish- it from this case. Unlike the judgment creditor in Donan, Donovan is not the defendant in the Lauderdale Marine case and is not seeking to have MYD’s rights transferred to dismiss the case and obtain a windfall. On the contrary, Donovan cannot- recover what it is owed unless it successfully litigates the Lauderdale Marine case.' On this record, the trial court did not abuse its discretion by permitting the assignment of the lawsuit.

Affirmed.

TAYLOR and DAMOORGIAN, JJ., concur.