# Third District Court of Appeal

## State of Florida

Opinion filed April 21, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0978
Lower Tribunal No. 17-29188
_____

**Fabrizio Pucci & Franca Felli**,
Appellants,

vs.

**May-Wong Chou, Esq., et al.**,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Krinzman Huss Lubetsky Feldman & Hotte, and Lauren Kain Whaley, and Mason A. Pertnoy, for appellants.

Jose Guzman, in proper person.

Before LOGUE, LINDSEY, and GORDO, JJ.

LINDSEY, J.

Appellants Fabrizio Pucci and Franca Felli, Plaintiffs below, appeal from an order denying their "Motion for Assignment of Chose of Action," which we treat as a motion for proceedings supplementary. Appellants were awarded a final judgment in the amount of $396,603.64 against pro se Appellee Jose Guzman, Defendant below. Guzman was a non-lawyer employed by a law firm insured by AIX Specialty Insurance Company. In their motion, Appellants claim Guzman has a potential breach of contract action against AIX for failure to provide coverage or a defense to Guzman in the underlying action. Appellants contend they are entitled to an assignment of Guzman's chose in action[1] against AIX. Appellants' motion was not supported by an affidavit, and Appellants failed to list AIX as a third party to be impleaded. The trial court ultimately denied Appellants' motion, and this appeal followed.

Section 56.29, Florida Statutes (2020), governs proceedings supplementary. Section 56.29(1) sets forth statutory prerequisites for the commencement of proceedings supplementary. "What is required for a

---

[1] "A 'chose in action' is a 'personal right not reduced into possession, but recoverable by a suit at law . . . . A right to receive or recover a debt, demand, or damages on a cause of action ex contractu or for a tort or omission of a duty.'" MYD Marine Distrib., Inc. v. Int'l Paint Ltd., 201 So. 3d 843, 845 (Fla. 4th DCA 2016) (omission in original) (quoting Puzzo v. Ray, 386 So. 2d 49, 50 (Fla. 4th DCA 1980)).

judgment creditor to initiate proceedings supplementary to execution is to file a motion and an affidavit averring specific information about the judgment or judgment lien and the existence of an unsatisfied execution. § 56.29(1), Fla. Stat. The same applies when third parties are impleaded, <u>Regent Bank v. Woodcox</u>, 636 So. 2d [885, 886 (Fla. 4th DCA 1994)], in which case, the affidavit should also list the parties to be impleaded." <u>Biel Reo, LLC v. Barefoot Cottages Dev. Co., LLC</u>, 156 So. 3d 506, 509 (Fla. 1st DCA 2014) (citing <u>Mejia v. Ruiz</u>, 985 So. 2d 1109, 1112 (Fla. 3d DCA 2008) (setting forth the jurisdictional prerequisites for proceedings supplementary under a prior version of the statute)). After the judgment creditor files the motion and affidavit, "the court shall issue a Notice to Appear" as set forth in section 56.29(2).

Because Appellants did not comply with the statutory prerequisites for initiating proceedings supplementary, we affirm the trial court's denial of their motion without prejudice to Appellants seeking relief in accordance with the statute. We express no opinion on the merits of Appellants' claim that they are entitled to an assignment of Guzman's chose in action.

Affirmed without prejudice.